STATE v. CITY OF PENSACOLA, a Municipal Corporation.

166 So. 851.
Opinion Filed March 26, 1936.

*E. Dixie Beggs, Jr.,* State Attorney, for Appellant;

*Ernest E. Mason,* for Appellee.

DAVIS, J.—This is an appeal from a decree of the Circuit Court of Escambia County validating the issuance of $522,-000.00 proposed 4½% refunding bonds, issue of 1935, as authorized by the Florida General Refunding Act, Chapter 15772, Acts 1931, Laws of Florida, and Amended Section 6 of Article IX of the State Constitution. The bonds in question are designed to evidence an extension or renewal, in a new form, of the original existing indebtedness of the obligor municipality, which indebtedness is provided not to be extinguished, but merged into the proposed refunding bonds, with like force and effect as if the original bonded indebtedness had remained unrefunded by the issuance of such refunding bonds.

In validating the bonds, the Circuit Court, in its decree of validation, affirmatively found, determined and held that inasmuch as the proposed refunding bonds are to be mere extensions and renewals of the original bonds for which they are proposed to be exchanged by the City of Pensacola, that such refunding bonds are not, and will not be, affected by the provisions of Chapter 16965, Acts 1935, nor by any other statute of the State of Florida which, if applied to

the obligation of the bonds refunded, would constitute an impairment of the obligation of such last mentioned bonds.

The Circuit Court further held, in effect, that taxes repledged as security for the refunding bonds, should continue to be levied and collected upon the same classes of property, and in the same manner, as taxes would be required to be levied and collected to pay the original indebtedness, and that in all respects the refunding bonds were to be subject to the same provisions of law for their security and for their payment, as were the bonds for which they are to be exchanged in the course of the City's refunding program, the refunding bonds herein held to be mere renewals of the bonds refunded and therefore amounting to the same sort of legal obligation.

The very definite decision of this Court in the recent Marion County Refunding Bond case (Folks v. Marion County, 121 Fla. 17, 163 Sou. Rep. 298) is authority for the proposition that where refunding bonds are proposed to be merely issued and exchanged by the obligor for outstanding bonds may thereby be extended, that the obligation of the refunding bonds can lawfully be made a continuation of the legal obligation of the outstanding bonds refunded, since the refunding bonds in such an instance will be construed as mere renewals of the existing bonds on the same terms as to security, thereby carrying forward the identical obligation of the originals, unless otherwise provided by the refunding bond provisions, or by the statutes under which the refunding bonds are authorized. Compare: Boatright v. City of Jacksonville, 117 Fla. 477, 158 Sou. Rep. 42. See also: State v. Sarasota County, 118 Fla. 629, 159 Sou. Rep. 797; State, *ex rel.* Woman's Benefit Ass'n, v. Port of Palm Beach District, 121 Fla. 746, 164 Sou. Rep. 851; State, *ex rel.* Sovereign Camp W. O. W., v. Boring, 121 Fla. 781,

164 Sou. 859; Fleming v. Turner, 122 Fla. 200, 165 Sou. Rep. 353.

The authorizing resolution of the City of Pensacola upon the authority of which the refunding bonds involved in this case are to be issued, is as follows:

"A Resolution

"To Be Entitled:

"A Resolution Authorizing the Issuance of $522,000.00 4½ Per Cent. Refunding Bonds of 1935.

"Be It Resolved by the City of Pensacola:

"Section 1. The City Council has ascertained and determined and does hereby declare that:

"(a) Under date of January 1, 1906, the City of Pensacola duly issued $650,000.00 4½% Improvement Bonds, all thereof maturing on January 1, 1936.

"(b) Under date of January 1, 1911, the City of Pensacola duly issued $250,000.00 4½% Improvement Bonds, all thereof maturing on January 1, 1941.

"(c) Under date of October 1, 1911, the City of Pensacola duly issued $250,000.00 4½% Refunding Bonds, all thereof maturing on October 1, 1941.

"(d) Pursuant to the provisions of the General Refunding Act of 1931, being Chapter 15772, General Laws of Florida, 1931, and resolutions duly adopted by the City Council on May 7, 1934, August 15, 1934, September 5, 1934, and October 17, 1934, the City of Pensacola duly issued prior to November 6, 1934, $548,000.00 4½% Refunding Bonds, dated July 1, 1934; $445,000.00 of said 4½% Refunding Bonds mature annually, July 1, $50,000.00, 1935; $47,000.00, 1936; $52,000.00, 1937; $52,000.00, 1938; $49,000.00, 1939; $51,000.00, 1940; $52,000.00, 1941;

$22,000.00, 1942; $2,000.00, 1943; $26,000.00, 1944; $9,-000.00, 1945; $7,000.00, 1946, and $26,000.00, 1947, and were issued in exchange for and upon the surrender and cancellation of a like amount of the Improvement Bonds described in paragraph (a) of this section; and the remaining $103,000.00 of said 4½% Refunding Bonds mature annually, July 1, $26,000.00, 1947; $37,000.00, 1948; $3,-000.00, 1949; $8,000.00, 1950; $2,000.00, 1951; $21,000.00, 1952; $1,000.00, 1953, and $5,000.00, 1955, and were issued in exchange for and upon the surrender and cancellation of $73,000.00 of the Improvement Bnods described in paragraph (b) of this section, and $30,000.00 of the Refunding Bonds described in paragraph (c) of this section.

"(e) $80,000.00 of the Improvement Bonds described in paragraph (a) of this section were held in the sinking fund of the City for said issue of Improvement Bonds and have been cancelled and extinguished as obligations of the City.

"(f) The remaining $125,000.00 Improvement Bonds described in paragraph (a) of this section, the remaining $177,000.00 Improvement Bonds described in paragraph (b) of this section, and the remaining $220,000.00 Refunding Bonds described in paragraph (c) of this section are outstanding and unpaid and constitute valid bonded indebtedness of the City of Pensacola, and it would be a hardship and a burden upon the taxpayers of the City to levy taxes sufficient to provide for their payment at their several maturities, and it is for the best interest of the City and its inhabitants to extend the time of payment of said bonds by refunding the same.

"SECTION 2. Under the authority of the General Refunding Act of 1931, being Chapter 15772, General Laws of Florida, 1931, passed by the Legislature of Florida at its

Second Extraordinary Session in July, 1931, and approved by the Governor on July 29, 1931, there be issued the negotiable coupon bonds of the City of Pensacola in the aggregate amount of $522,000.00, consisting of 522 bonds of $1,000.00 each, numbered 1 to 522, inclusive, designated '4½%, Refunding Bonds of 1935.'

"SECTION 3. Said 4½% Refunding Bonds of 1935 shall be dated July 1, 1935, shall bear interest at the rate of 4½ per centum per annum, payable semi-annually on the first days of January and July of each year and shall mature annually July 1, in numerical order, lowest numbers first, as follows: $20,000 1942, $30,000 1943, $18,000 1944, $28,000 1945, $29,000 1946, $15,000 1948, 49,000 1949, $44,000 1950, $50,000 1951, $31,000 1952, $51,000 1953, $52,000 1954, $47,000 1955, $52,000 1956, and $6,000 1957, without option of prior payment.

"SECTION 4. Both principal and interest of said bonds shall be payable at the Chemical Bank & Trust Company in the City of New York, or at the Citizens and People's National Bank of Pensacola, Florida, or at the American National Bank of Pensacola, Florida, at the option of the holder, in any coin or currency of the United States of America which at the time of payment is legal tender for public or private debts. Said bonds shall be signed by the Mayor and the City Manager of the City and sealed with the corporate seal of the City, and, countersigned and attested by the Clerk-Comptroller of the City, and the interest coupons thereto attached shall be executed with the facsimile signatures of said officers.

"SECTION 5. Said bonds and the coupons thereto attached shall be in substantially the following form:

"No._____                                    $1,000

"United States of America, State of Florida

"County of Escambia, City of Pensacola

"4½% Refunding Bond of 1935

"The City of Pensacola, in Escambia County, State of Florida, is justly indebted and for value received hereby promises to pay to the Bearer on the first day of July, 19__, the principal sum of One Hundred Dollars, together with interest thereon at the rate of 4½ per centum per annum, payable semi-annually on the first days of January and July of each year upon the presentation and surrender of the annexed interest coupons as they severally become due. Both principal and interest of this bond are payable at the Chemical Bank & Trust Company in the City of New York, or at the Citizens and Peoples National Bank of Pensacola, Florida, or at the American National Bank of Pensacola, Florida, at the option of the holder, in any coin or currency of the United States of America which at the time of payment is legal tender for public or private debts. For the prompt payment hereof and the interest hereon as the same shall fall due, the full faith, credit and taxing power of said City of Pensacola are hereby irrevocably pledged to the same extent and with like force and effect as the same were pledged for the payment of the indebtedness refunded thereby.

"This bond is issued by said City under the authority of and in full compliance with the General Refunding Act of 1931, being Chapter 15772, General Laws of Florida, 1931, and pursuant to a resolution duly adopted by the City Coun-

cil of said City, and is issued for the purpose of refunding a like face amount of valid subsisting bonded indebtedness of said City, incurred in the year 19__ and outstanding at the date of the passage of said Act.

"It is hereby certified and recited that all Acts, conditions and things required to happen, exist and be performed precedent and in the issuance of this bond have happened, exist and have been performed in due time, form and manner, as required by the laws and Constitution of Florida; that the total indebtedness of said City, including this bond, does not exceed, and that the total indebtedness of said City at the creation of the indebtedness refunded hereby, including said indebtedness, did not then exceed any constitutional or statutory limitation thereon; and that provision has been made for the levy and collection of a direct annual tax upon all property within said City, except only such property as would be exempt from taxation under the provisions of the laws and Constitution of Florida, which were in force and effect at the time of the creation of the indebtedness refunded hereby, sufficient to pay the principal and interest of this bond as the same shall fall due, which tax shall be levied and collected at the same time and in the same manner as ad valorem taxes levied for operating expenses of said City, and that the indebtedness refunded hereby is merged into this bond with like force and effect as to obligation as if such indebtedness had remained unrefunded.

"IN WITNESS WHEREOF, said City of Pensacola has caused this bond to be signed by its Mayor and its City Manager, and its corporate seal to be affixed hereto, and countersigned and attested by its Clerk-Comptroller, and the annexed interest coupons to be executed with the facsimile

signatures of said officers, all as of the first day of July, 1935.

"_____*Mayor*

"_____*City Manager.*

"Countersigned and Attested:

"_____*Clerk-Comptroller.*

"Approved as to form and correctness:

"_____*Director of Law.*

"(INDORSEMENT UPON BONDS): Validated and confirmed by decree of the Circuit Court of the First Judicial Circuit of Florida, in and for Escambia County, rendered on _____, 19___.     _____

*Clerk of the Circuit Court of
Escambia County.*

"(FORM OF COUPON)

"No._____                                    $22.50

"On the 1st day of_____, 19____, The City of Pensacola, Florida, will pay to bearer at the Chemical Bank & Trust Company in the City of New York, or at the Citizens and Peoples National Bank of Pensacola, Florida, or at the American National Bank of Pensacola, Florida, at the option of the holder, the sum of Twenty-two and 50/100 Dollars ($22.50) in any coin or currency of the United States of America which at the time of payment is legal tender for public or private debts, as provided in and for the interest then due on its 4½% Refunding Bond of 1935, dated July 1, 1935, No._____.

"_____*Mayor*

"_____*City Manager.*

"_____*Clerk-Comptroller.*

"SECTION 5. In each year while any of said 4½% Refunding Bonds of 1935 shall be outstanding, there shall be levied upon all property within the City of Pensacola, except only such property as would be exempt from taxation under the provisions of the laws and Constitution of Florida which were in force and effect at the time of the creation of the indebtedness refunded, a tax sufficient to pay the interest upon such bonds as the same shall fall due and sufficient to provide a sinking fund for the payment of the principal of said bonds as they severally mature, and said tax shall be levied and collected at the same time and in the same manner as *ad valorem* taxes levied for operating expenses of said City, and the proceeds of said tax, as and when, collected, shall be placed in said sinking fund and used exclusively for the payment of the interest and the principal of said bonds as they severally become due and payable and shall not be used for any other purpose, and the City covenants that it will not accept payment of taxes levied for operating expenses of said City unless there is paid at the same time the tax levied to pay the interest on and to provide a sinking fund for the payment of the principal of the bonds issued under the provisions of this resolution.

"SECTION 6. 4½% Refunding Bonds of 1935 numbered 1 to 125, inclusive, shall be issued to refund the outstanding $125,000.00 Improvement Bonds dated January 1, 1906, described in Section 1 of this resolution, and 4½% Refunding Bonds of 1935 numbered 126 to 522, inclusive, shall be issued to refund the outstanding $177,000.00 Improvement Bonds dated January 1, 1911, and the outstanding $220,000.00 Refunding Bonds dated October 1, 1911, which are described in Section 1 of this resolution.

"SECTION 7. The City Clerk-Comptroller is hereby di-

rected to cause said 4½% Refunding Bonds of 1935 to be prepared and executed in the manner and form provided by this resolution and to deposit the same with the Chemical Bank & Trust Company in the City of New York, with instructions to deliver the same from time to time in exchange for and upon the surrender to said bank of a like amount of the appropriate bonds to be refunded, the bonds so surrendered to be accompanied by all coupons, if any, representing interest to accrue after such exchange; provided, however, that any adjustment of interest may be made by payment of cash to or by the City or by endorsement upon the next maturing coupon of the 4½% Refunding Bonds of 1935 delivered. Said Chemical Bank & Trust Company is hereby authorized to cancel by perforation the bonds so surrendered and the attached coupons as and when 4½% Refunding Bonds of 1935 are delivered in exchange therefor, and to forward such cancelled bonds to the City Clerk-Comptroller, and is further authorized upon each exchange to execute a certificate, under the hand of some officer of said bank, giving a description of the bonds so surrendered and cancelled and the numbers of the 4½% Refunding Bonds of 1935 so delivered, and to forward such certificate with the cancelled bonds to the City Clerk-Comptroller of the City of Pensacola.

"SECTION 8. No election shall be called or held for the authorization of said 4½% Refunding Bonds of 1935.

"SECTION 9. For the prompt payment of the principal and interest of said 4½% Refunding Bonds of 1935 as the same shall fall due the full faith, credit and taxing power of said City of Pensacola are hereby irrevocably pledged to the same extent and with like force and effect as the same were pledged for the payment of the indebtedness refunded by said bonds, and the indebtedness refuned by said 4½%

Refunding Bonds of 1935 shall be merged into said bonds with like force and effect as to obligation as if such indebtedness should remain unrefunded.

"SECTION 10. The Director of Law is hereby authorized and directed to take proper proceedings for the validation of the 4½% Refunding Bonds of 1935 authorized by this resolution.

"SECTION 11. The authority to issue additional refunding bonds under the provisions of the resolutions mentioned in paragraph (d) of Section 1 of this resolution, shll be superseded by the authority granted by this resolution.

"SECTION 12. This resolution shall be published and shall take effect immediately upon its final passage by the City Council, as it is necessary that steps be taken immediately, as provided in this resolution, in order to provide for the immediate preservation of public property.

"Passed: October 21, 1935.

"Approved: H. CLAY ARMSTRONG, *Mayor, City of Pensacola, Florida.*

"Attest: J. E. FRENKEL, *City Clerk."*

The Florida General Refunding Act of 1931 (Chapter 15772, Acts 1931, General Laws of Florida, is complete in itself, and was passed in furtherance of the constitutional refunding power that absent such statute was not capable of being adequately carried out. As such it constitutes ample statutory authority to give effect to the provisions of Amended Section 6 of Article IX of the State Constitution authorizing the cities, counties and taxing districts of this State to issue refunding bonds without a vote of the freeholders where such refunding bonds do nothing more than renew and extend an existing bonded indebtedness on its pre-existing security, or some part of it, and is to be so con-

strued as to effectuate the organic refunding provision of Amended Section 6 of Article IX.

The statutory refunding powers conferred upon cities, counties and taxing districts by the said Florida General Refunding Act being in execution and furtherance of the constitutional refunding bond powers set forth in Amended Section 6 of Article IX of the Constitution, the obligation of the authorized refunding bonds provided for under Chapter 15772, *supra,* is no more to be held limited, abrograted nor impaired by the provisions of Chapters 16838, 16965 and 17401, Acts of 1935, General Laws of Florida, than the obligation of the bonds refunded is to be regarded as limited, abrogated or impaired by said subsequently passed Acts had no refunding bonds been attempted. This so, because the last mentioned Acts, in the absence of some express provision specified to the contrary *in the Acts themselves,* are not to be *construed* as in anywise withdrawing or modifying the refunding powers separately conferred upon cities, counties and taxing districts by Amended Section 6 of Article IX of the Constitution, as made effective by the Florida General Refunding Act of 1931, to renew and extend the contractual obligation of their outstanding bonded debts on the same terms as to security, and subject to the same conditions and provisions of law that were made applicable at the time the outstanding bonds were originally issued, any subsequently passed constitutional provisions or statutes to the contrary notwithstanding, unless expressly so provided in the contract, or so specified by the Legislature with respect to the statutory authority of cities, counties and taxing districts to issue refunding bonds pursuant to the constitutional permision therefor given by Amended Section 6 of Article 6 of Article IX of the Constitution.

It follows that the holding of the Court below to the effect that Chapters 16838, 16965 and 17401, Acts of 1935, and similar statutes, do not apply to refunding bonds issued under Chapter 15772, Acts of 1931 (Florida General Refunding Act) was correct and must be approved by this Court on this appeal.

It follows further that since, under the circumstances, the obligation of the proposed refunding bonds will be nothing more than a contractual prolongation of the obligation of the bonds for which they are to be exchanged, that the provisions of added Section 7 of Article X of the Constitution relating to homestead tax exemptions will apply no differently to these refunding bonds than they did to the bonds refunded by them, and the Circuit Court so properly held on the authority of Folks v. Marion County, *supra*.

It is, therefore, considered, adjudged and decreed by this Court that the Circuit Court's validation decree in manner and form as entered and herein appealed from, be and the same is hereby affirmed, and that mandate in conformity with this judgment of the Supreme Court do issue within ten days as provided for by Section 5108, Compiled General Laws, Chapter 11854, Acts 1927, if no petition for rehearing has been filed within that period.

Affirmed.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

ELLIS, P. J. and BUFORD, J., concur specially.

BUFORD, J. (concurring specially).—I concur in the conclusion reached in the main opinion in this case only because by a majority holding this Court has established as the law of the State that the exemption contained in Sec. 7 of Article X of the Constitution does not apply to taxes to be assessed and levied to produce funds with which to discharge the ob-

ligation of refunding bonds such as those here under consideration. Such being the law as determined by this Court after deliberate and mature consideration I yield to it my individual opinion as to what the construction should have been and concede that the law as so established is followed in the present case.

ELLIS, P. J., concurs.