STATE v. CITY OF FORT PIERCE, Municipality.

182 So. 799.
Opinion Filed July 13, 1938.

*Murray W. Overstreet, State Attorney,* for Appellant;
*G. R. Nottingham,* for Appellee.

CHAPMAN, J.—This is an appeal from a final decree made and entered by a Judge of the Circuit Court in and for St. Lucie County, Florida, dated March 9, 1938, validating an issue of refunding bonds of the City of Fort Pierce, Florida, amounting in the aggregate to the sum of three million, four hundred and fifty-six thousand dollars ($3,456,000.00) for the purpose of refunding its total outstanding bonded indebtedness with defaulted interest coupons. The outstanding bonds bear a rate of interest greater than the city is financially able to pay and the purpose of the refund is to (a) reduce the rate of interest; (b) extend the date or dates of maturity; (c) care for defaulted bonds with interest coupons and otherwise place the finances of the City of Fort Pierce on a sound business basis. The bonded debt of the City of Fort Pierce was created after the year 1923 and prior to January 1, 1934. Full faith and credit of said city was pledged for the payment thereof, together with all the property of said city within the territorial limits of said city as it *now* exists.

The transcript and briefs filed herein with reference to the different bond issues and the amount or amounts, with date of issuance by the City of Fort Pierce, with territorial limits and boundary of the city from 1923 to 1929, show:

"There are now outstanding and unpaid bonds of the City of Fort Pierce in the aggregate principal sum of Two MILLION SIX HUNDRED FIVE THOUSAND DOLLARS ($2,605,-000.00), bearing interest at the rate of 6% per annum, which said bonds were issued as follows:

"(a) City of Fort Pierce Bonds, dated July 1, 1924, $318,000.00; Street Improvement Bonds, dated October 15, 1924, $11,000.00, all of said bonds having been issued while the City of Fort Pierce existed with territorial limits fixed by Chapter 9761, Laws of Florida, 1A23.

"(b) General Street Improvement Bonds, dated November 15, 1926, $227,000.00; Local Improvement Bonds, dated January 1, 1927, $1,000.00; Revolving Fund Bonds, dated September 1, 1927, $346,000.00; General Street Improvement Bonds, dated April 14, 1928, $299,000.00; Local Improvement Bonds, dated November 15, 1925, $111,000.00; Local Improvement Bonds, dated October 15, 1927, $28,-000.00, all of said bonds being issued while the City of Fort Pierce existed with territorial limits fixed and prescribed by Chapter 10548, Laws of Florida, 1925, with the addition of the territory included in the City by Ordinances No. A62 and A78, approved November 12, 1925, and February 24, 1926, respectively, said territorial limits as so enlarged being thereafter confirmed by Chapter 12,746, Laws of Florida, 1927.

"(c) Municipal Refunding Bonds, Series A, dated March 16, 1929, $49,000.00, all of said bonds being issued while the City of Fort Pierce existed with territorial limits fixed and prescribed by Chapter 12746, Laws of Florida, 1927, with addition of the territory included in the City by Ordinance No. A108, approved March 13, 1929.

"(d) Municipal Refunding Bonds, dated May 15, 1930, $1,215,000.00, all of said bonds being issued while the City of Fort Pierce existed with the territorial limits fixed and prescribed by Chapter 12,746, Laws of Florida, 1927, with addition of the territory included in the City by Ordinances Nos. A108, A113 and A115, approved March 13, 1929, August 28, 1929, and September 25, 1929, respectively."

The City Commission of the City of Fort Pierce on February 9, 1938, adopted a resolution under Chapter 15772, Acts of 1931, authorizing the issuance of refunding bonds in the total amount of three million four hundred and fifty-six thousand ($3,456,000.00) dollars, the denominations

thereof, rate of interest, and date of maturity, in lieu of the six per cent. rate upon the present lands, are viz.:

"3,456 bonds in the princiapl sum of $1,000.00 each, all of said proposed Refunding Bonds maturing on the first day of July, A. D. 1967, and bearing interest at the following rates:

"1½% per annum to July 1, 1938, .
" 2½ per annum from July 1, 1938, to July 1, 1941,
"2½% per annum from July 1, 1941, to July 1, 1944,
" 3% per annum from July 1, 1944, to July 1, 1947,
" 4% per annum from July 1, 1947, to July 1, 1952,
" 5% per annum from July 1, 1952, to July 1, 1967."

On February 11, 1938, a petition to validate was presented to the Circuit Court of St. Lucie County, Florida, under Chapter 15772, Acts 1931, and after due notice, an answer was filed, the cause was heard by the lower court, and after argument of counsel the decree sought to be reversed here was made and entered by the lower court.

The first contention made in this Court is that the proposed refunding bonds are void, invalid and illegal because of Section 7, Article X, of the Constitution of the State of Florida and of Chapter 17060, Laws of 1935, exempting homesteads in Florida to the value of $5,000.00. The refunding bonds here are to be applied to the original indebtedness. The homesteads were pledged for the payment of original indebtednesses which were in force and effect and obligations of the City of Fort Pierce prior to November 6, 1934. We fail to find merit in this assignment. See Folks v. Marion County, 121 Fla. 17, 163 So. 298; State v. City of Pensacola, 123 Fla. 331, 166 So. 851; State v. City of Clearwater, 125 Fla. 73, 169 So. 602; State v. City of Orlando. 126 Fla. 251, 170 So. 887; State v. City of West Palm Beach, 127 Fla. 849, 174 So. 334.

It is next contended that the refunding bonds are invalid because the resolution adopted by the City Commission of the City of Fort Pierce shows that since the bonds to be refunded were issued changes have been made in the territorial area of said city while taxes are to be assessed and collected for the payment of the refund bonds on property within the *present* territorial limits of the city and the electors have not approved or voted upon the same. It appears this question has been settled by this Court adversely to the contention of counsel for appellant. See State v. City of Miami, 103 Fla. 54, 137 So. 261; also State v. City of Miami, 116 Fla. 517, 157 So. 13, and authorities therein cited.

We have given due consideration to assignments 3, 4, 5, 6 and 7 made by counsel for the appellant. The authorities in support of each of these assignments have been examined. We fail to find error in the record and the decree appealed from should be affirmed. See State v. City of Miami, 103 Fla. 54, 137 So. 261; State v. City of Miami, 116 Fla. 517, 157 So. 13; Folks v. Marion County, 121 Fla. 17, 163 So. 298; State v. City of Pensacola, 123 Fla. 331, 166 So. 851; State v. City of Clearwater, 125 Fla. 73, 169 So. 602; State v. City of West Palm Beach, 127 Fla. 849, 174 So. 334; State, *ex rel.* Keefe, v. City of St Petersburg, 106 Fla. 742, 144 So. 313.

We have examined the case of Atlantic Coast Line Ry. Co. v. City of Lakeland, 130 Fla. 72, 177 So. 206, where certain areas were excluded from the city limits of Lakeland and an expression of the voters was required. The facts here show additional lands were taken into the City of Fort Pierce by Chapter 12746, Special Acts of 1927, but Section 4 thereof provides:

"Sec. 4. *Obligations Not Impaired.*—No obligation, or contract of said municipality shall be affected or impaired

by this change, but all debts, contracts and obligations, shall be obligations upon and enforceable against the new municipality."

.The Legislature had the power under Section 8 of Article VIII of the Constitution of Florida to enact said Chapter and it is now the law controlling the City of Fort Pierce. See Hayes v. Walker, 54 Fla. 163, 44 So. 747. The decree appealed from is hereby affirmed.

TERRELL and BUFORD, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.

WHITFIELD, J., not participating.