STATE OF FLORIDA and THE TAXPAYERS, PROPERTY OWNERS and CITIZENS, OF SAID CITY OF FORT PIERCE, INCLUDING NONRESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATON THEREON, v. CITY OF FORT PIERCE, a municipal corporation.

19 So. (2nd) 468            June Term, 1944
October 27, 1944            Division A

*Murray W. Overstreet,* for appellants.

*G. R. Nottingham* (Ft. Pierce, Fla.) and *Masslich* and *Mitchell* (New York, N. Y.) for appellee.

TERRELL, J.:

This appeal is from a final decree validating an issue of $3,484,000 refunding bonds of the City of Fort Pierce. No question is raised as to the regularity of the resolution of the City Commission providing for the refunding bonds or any other proceeding relative to their issue.

It is contended that they were issued without an approving vote of the freeholders as required by the City Charter and are for that reason without any binding force.

Appellants ground their contention on Section 118, Chapter 21239, Special Acts of 1941 (City Charter), which provides that before any bonds are issued under the provisions of Section 117 of said Act, the issuance of such bonds shall be approved by the affirmative vote of a majority of the electors of the City voting on the proposition.

This contention would undoubtedly control as to the issue of original bonds but here we are concerned with the issue of refunding bonds, which is controlled by Section Six, Article IX of the Constitution. We have repeatedly held that refunding bonds may be issued without an approving vote of the freeholders. Chapter 15772, Acts of 1931, being Chapter 132, Florida Statutes of 1941 defines the procedure for the issue of refunding bonds. If the refunding bonds attempt the pledge of new or additional security for their payment from that pledged for the original bonds, then they will require an approving vote of the freeholders but no such question is raised in this case. We understand the contention to be based solely on the terms of Section 118 as previously referred to.

The provisions of the City Charter of Fort Pierce in existence when the original bonds were issued, Chapter 12746, Special Acts of 1927, in so far as they relate to the issuance of bonds are no different from the present charter, Chapter 21239, Special Acts of 1941, under which the refunding bonds are proposed to be issued except the latter charter authorized the City to pledge the net revenues of its light and water plant in addition to the full faith and credit of the City for the payment of refunding bonds. The pledge in the refunding bonds does not go beyond the pledge of the original bonds.

The general power of governmental entities to refund outstanding obligations is controlled by Sec. Six of Art. IX of the Constitution and the general refunding act heretofore referred to and the Legislature cannot withdraw the power so granted by the Constitution. State v. City of Pensacola, 123 Fla. 331, 166 So. 851. The contention of appellant is without merit so the decree appealed from is affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.