W. W. Bateman v. Florida Commercial Co.—Opinion of Court.

W. W. Bateman, Appellant, vs. Florida Commercial Company, Appellee.

The question as to whether or not a town is legally incorporated cannot be raised by a bill for injunction, the remedy being by *quo warranto.*

Appeal from the Circuit Court for DeSoto County.

The facts of the case are stated in the opinion.

*O. T. Stanford* for Appellant.

*Isaac H. Trabue* for Appellee.

Mitchell, J. This case comes here upon appeal from DeSoto county.

The complainant, Florida Commercial Company, filed its bill in the Circuit Court against the appellant, defendant below, and the bill (in substance) alleges that certain parties got together on the 3d day of December, 1887, in a billiard room at Punta Gorda, and pretended to organize and incorporate a town called Punta Gorda, and that the complainant company owned a large quantity of real estate within the limits of the town so pretended to be incorporated; that said corporation has levied a tax of one per cent. on complainant's property inside of the limits of said town for the year 1888, and that the Collector of said town, W. W. Bateman, defendant in this suit, has advertised complainant's said property for sale for the sum of $918.55, and that said Collector threatens to sell said land, and that if the said Collector is not restrained from selling said land for said taxes, he will sell them, which will place a cloud upon the title of said lands, thereby injuring them in their value, and will prevent said lands from being sold, greatly to the complainant's injury. That the incorporation of said town is and was contrary to law, in bad faith, fraudulent, against public policy, and that all the acts of the Council of said town are illegal, of no effect, oppressive, against equity and good conscience, and there being no remedy at law, the complainant applies for relief, &c. The prayer of the bill is for an order enjoining the defendant from selling complainant's said property for the taxes thereon for the year 1888.

A temporary injunction was granted April 4, 1889.

The bill was demurred to, first, that the complainant had not, under the allegations of the bill, pursued his proper remedy; second, that a Court of Equity has not jurisdiction of the complainant's bill. The demurrer was overruled, and from the order overruling the demurrer, the case was appealed to this Court.

The order of the Court overruling the demurrer was erroneous. The bill attempts to assail the legality of a municipal corporation upon the ground that the corporation was not legally organized, and that consequently the assessment and levy of taxes by the authorities of the town were illegal and could not be enforced. This position cannot be maintained, because the legality of a municipal corporation cannot be called in question by bill for injunction, the complainant having its remedy at law by *quo warranto.* Robinson *et al.* vs. Jones *et al.*, 14 Fla., 256; MacDonald *et al.*, vs. Rehrer, 22 Fla., 198.

The decree of the Court below is reversed, and the bill is ordered dismissed.