E. B. LANE, *et al.*, *Plaintiffs in Error*, v. STATE *ex rel*, ATTORNEY GENERAL, *Defendant in Error*.

1. Even if the description of territory incorporated as a municipality by a special law, when properly construed, would cover non-contiguous lands, the law is not thereby rendered unconstitutional

2. Where the description of territory incorporated as a municipality by a special law does not utterly fail to cover some area, and the desscription is not so uncertain as to make it impossible to determine the territory intended to be included in the municipality, the law is not void for uncertainty of description.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Tucker & Tucker,* for Plaintiffs in Error;

*H. K. Olliphant,* for Defendant in Error.

WHITFIELD, C. J.—The Attorney General brought quo warranto proceedings in the Circuit Court for Polk County to test legality of the municipal government of the Town of Auburndale. By answer the respondent municipal officers aver the lawful organization of the municipal government under Chapter 6324, Acts of 1911, which establishes the Town of Auburndale.

On a demurrer to the answer the court held that the mentioned Act under which the municipal government was organized "is void for uncertainty because the territory of the said alleged Town of Auburndale, as set out in said Act, is so vague and indefinite that the said territory cannot be located properly with reference to the said territory being contiguous, or of such character that the same could not be regarded as incorporated for town purposes." The demurrer to the answer was sustained and a judgment of ouster entered to which a writ of error was taken.

The question for determination is whether the boundary description of the municipal territory designated in the Act establishing the municipality is so indefinite and uncertain as to render the Act inoperative and of no effect.

The description is as follows:

"Its territorial boundaries shall be as folows: Sections (2) and ten (10), except S. W. ¼ of S. W. ¼ of Section 10 and the west three-fourths (W.¾) of Sections two (2) and eleven (11), and the northeast quarter (N. E. ¼) and the north half (N.½) of the southeast quarter (S. E.¼) of Section nine (9), Township twenty-eight

(28), south of Range twenty-five (25) east. Also the south half (S.½) of Section thirty-four (34), and the west half (W.½) of the southwest quarter (S.W.¼) of Section thirty-five (35) and south half of the southeast quarter (S.E.¼) of Section thirty-three (33) in Township twenty-seven (27) south, of Range twenty-five (25) east."

It is contended that the first part of the description of the "territorial boundaries" of the municipality viz: "Sections (2) and (10), except S. W. ¼ of S. W. ¼ of Section 10 and the west three-fourths W (¾) of Sections two (2) and eleven (11)," is fatally uncertain as to the portions of Sections 2 and 11 included in the municipal territory. If the portion of the description reading "and the west three-fourths W. (¾) of Sections two (2) and eleven (11)" be regarded an exclusion, it renders the territory non-contiguous and excludes a portion of Section 11, which Section is not otherwise referred to or included in the description. If the portion of the description last above quoted is regarded as being preceded by a comma and as intended to include and not to exclude the west ¾ of Sections 2 and 11, there will be an inclusion of the west ¾ of Section 2 that had already been included in its entirety

There is no constitutional provision regulating the statutory descriptions of municipal territory, but on the contrary Section 8 of Article VIII of the Constitution expressly provides that "the legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time." Under this broad authority it is within the power of the legislature by valid enactments to prescribe the territorial limits of a municipality as it deems proper when no pro-

vision or principle of organic law is violated. Even if the description of the territory in the special Act establishing the Town of Auburndale when properly construed would cover non-contiguous lands, the constitution is not thereby violated.

This is a special Act establishing the municipality and not an incorporation under the general law. The description does not utterly fail to enclose some area, and it is not so uncertain as to make it impossible to determine the territory intended to be included in the municipality, therefore, it cannot be said that the description is so uncertain as to render the legislative Act creating the municipality void and ineffectual. See State *ex rel.* v. Sammous, decided at the last term. It seems that a fair construction of the description used indicates an intention to include and not to exclude "the west three-fourths W. (¾) of Sections two (2) and eleven (11)." This construction comports with the manifest intent of the statute which is the controlling consideration; and as so construed the municipal territory is contiguous.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.