N. B. NABB, *Plaintiff in Error,* v. RAFAEL ANDREU, CHIEF OF POLICE OF THE CITY OF ST. AUGUSTINE, *Defendant in Error.*

En Banc.

Opinion Filed May 21, 1925.

1.   The Legislature may enact a law complete in itself to take effect by its own terms upon the happening of the contingency of a stated affirmative vote at an election therein provided for. State ex rel Cheyney v. Sammons, 62 Fla. 303, 57 South. Rep. 796.

2.   The Legislature may enact a law complete in itself extending the boundaries of a municipality to "take effect upon its ratification by the affirmative vote of a majority of the qualified electors * * * voting at an election to be provided for by ordinance" of the municipality "to be held for such purpose."

3. The authority of the Legislature under Section 8 of Article 8, of the Constitution to establish and abolish municipalities includes the power to annex, by legislative enactment, contiguous territory to an existing municipality, effective upon an affirmative vote at an election therein provided for, or without such an election.

4. By Section 2 of Chapter 9912, Acts of 1923, Laws of Florida, it is provided that "Section 1 of this Act shall take effect upon its ratification by the affirmative vote of a majority of the qualified electors of the City of St. Augustine, and of the entire territory proposed to be included within the corporate limits of the said City of St. Augustine, voting at an election to be provided for by ordinance of the City of St. Augustine, and to be held for such purpose."

   *Held*:. That the vote required for ratification of the Act is not a majority vote of the qualified electors voting in the existing city and a majority vote of the qualified electors voting in the territory proposed to be *annexed*, but a majority vote of the qualified electors of the City of St. Augustine and of the qualified electors of the "entire territory proposed to be included" (not annexed), which comprehends the territory within the existing city and the territory proposed to be annexed, voting in the ratification election.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Affirmed.

*George W. Bassett, Jr.,* for Plaintiff in Error;

*E. Noble Calhoun* and *Cockrell & Cockrell,* for Defendant in Error.

WEST, C. J.—The writ of error in this case was allowed and taken from an order quashing a writ of *habeas corpus* and remanding petitioner, who is plaintiff in error here, to the custody of the chief of police of the City of St. Augus-

tine. The case was heard by the Circuit Judge upon petition, return of the officer thereto, and an agreed statement of facts.

By the statement of facts contained in the record it is admitted that if the alleged offense for which the petitioner was held had been committed within the original corporate limits of the city, petitioner's detention was legal and that he should not be discharged. And it is further admitted that the offense was committed within the corporate limits of the city if the election held for the purpose of ratifying Chapter 9912, Acts of 1923, Laws of Florida, by which the boundaries of the city were fixed, was in conformity with the provisions of the statute. All questions as to whether the matters presented may be properly determined in this proceeding are expressly waived. That this may be done has been previously determined. Hayes v. Walker, 54 Fla. 163, 44 South. Rep. 747.

By Section 1 of Chapter 9912, *supra*, the boundaries of the city were defined. Territory in addition to that formerly within the corporate limits was included. By Section 2 of the Act it was provided that ''Section 1 of this Act shall take effect upon its ratification by the affirmative vote of a majority of the qualified electors of the City of St. Augustine, and of the *entire territory proposed to be included* within the corporate limits of the said City of St. Augustine, voting at an election to be provided for by ordinance of the City of St. Augustine, and to be held for such purpose.'' (Italics supplied.)

There was a majority vote for ratification in ''the entire territory proposed to be included,'' that is to say, the territory within the city as then existing and the ''entire territory'' which was to be ''included'' within the boundaries as defined by Section 1 of the Act submitted for ratification. There was less than a majority vote for ratification

of the qualified electors voting in the territory proposed to be *annexed* and thereby "included" within the corporate limits of the city.

The contention of petitioner is that the quoted provision contained in Section 2 requires, as a prerequisite to the ratification of Section 1, a majority vote of the qualified electors voting in the then existing city and a majority vote of the qualified electors voting in the territory proposed to be *annexed* and included within the boundaries of the city at an election called and held for that purpose as provided in the statute.

That it is competent for the legislature to prescribe that an Act complete in itself shall become a law only upon such contingency as that prescribed in this statute is freely conceded. The principle has been settled in this jurisdiction. State *ex rel.* Cheyney v. Sammons, 62 Fla. 303, 57 South. Rep. 196; Cotton v. County Comm'rs. Leon County, 6 Fla. 610. And that the Legislature possesses plenary power to annex and thereby include additional contiguous territory within the boundaries of an existing municipality with or without an affirmative vote of the qualified electors within the territory to be included and upon such conditions as may be appropriate with respect to the election, is not disputed. Lane v. State *ex rel.* Attorney General, 63 Fla. 220, 57 South. Rep. 662; MacGuyer v. City of Tampa, 89 Fla. 103 South. Rep. 418.

The question is whether the language employed in this statute means that as a condition precedent to the taking effect of this Act there should be a majority vote of the qualified electors voting within the then existing city and a majority vote of the qualified electors voting in the territory proposed to be annexed.

The contention, we think, can not be sustained. The unambiguous and unmistakable meaning of the statute is that Section 1, by which the boundaries of the city are defined,

shall take effect when ratified by the *affirmative vote of a majority* of the qualified electors *of the city* and of the *entire territory proposed to be included,*—not annexed. What was intended can be ascertained only by referring to the language employed to express it, and there is nothing in the statute by which the referendum vote is provided for giving a veto power to the qualified electors voting in the territory proposed to be *annexed* to the city. The language of the statute upon which this contention is predicated is that which refers to the entire territory proposed to be included, but obviously the territory then within the corporate limits is comprehended in this description, and together with the territory proposed to be annexed forms the *entire* territory proposed to be *included* within the corporate limits. This view is emphasized by the concluding words of the sentence, "said City of St. Augustine," referring as they do to the city, the boundaries of which are to be established by the ratification of section 1 in which the boundaries are set forth.

The order is affirmed.

WHITFIELD, ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.