STATE OF FLORIDA, *Appellant*, vs. CITY OF MIAMI, a Municipal Corporation, *Appellee.*
137 So. 261.
En Banc.
Opinion filed October 13, 1931.

*Vernon Hawthorne,* for Appellant;

*J. W. Watson, Jr.,* and *Masslich & Mitchell,* for Appellee.

TERRELL, J.—This appeal is from a decree validating four issues of refunding bonds of the City of Miami,. issued pursuant to authority vested in it by Senate Bill number 152-X, Special' Laws of Florida, First Extraordinary Session 1931.

The record discloses that the territorial limits of the City of Miami were extended in 1925 as provided by Sections 1921 and 1922 Revised General Statutes of 1920 (Sections 3054 and 3055 Compiled General Laws of 1927) to include the City of Coconut Grove and the towns of Buena Vista and Silver Bluff and that by Chapter 11617, Special Laws of Florida, extraordinary session of 1925 the corporate limits of the City of Miami were defined to· embrace the territory in said City and towns so annexed. It was also provided that taxes for the payment of indebtedness of the city incurred prior to enlargement and of the city and towns thereto annexed should be levied

upon such taxable property lying within the said bound-
aries as would have been liable to taxation therefor under
the laws in force prior to their annexation to the City of
Miami. This act further declared that it was not its in-
tention to change any existing legal requirement as to
such taxation.

Pertinent to the questions brought here for our de-
termination, Section 1922 Revised General Statutes of
1920 (Section 3055 Compiled General Laws of 1927) con-
tains the following proviso:

"Provided, however, that the real estate or other
property which may be within any territory so an-
nexed at the time of any such election shall not be
liable for, nor taxed to pay any bond indebtedness of
the city or town to which it may be annexed existing
at the time of any such election; and Provided, further,
that the real estate or other property which may be
within the city or town to which such annexation may
be made shall not be liable for, or taxed to pay any
bond indebtedness of any such city or town so an-
nexed which may be existing at the time of such
election."

It is first contended that Sections 1921 and 1922 Re-
vised General Statutes of 1920 (Sections 3054 and 3055
Compiled General Laws of 1927) and Chapter 11617
Special Laws of Florida, Extraordinary Session 1925 con-
stituted a contract between the City of Miami and the
property owners in Coconut Grove, Buena Vista, and
Silver Bluff annexed thereunder exempting them from
taxation for Miami's then existing debt and that Senate
Bill Number 152-X, Special Laws of Florida, First Ex-
traordinary Session 1931, is illegal and void because it
seeks to impair the obligation of said contract in that it
authorizes the issuance of bonds to refund the debts of the
City of Miami and requires the levy of taxes on all tax-
able property of the enlarged City for the payment of
said bonds.

The answer to the petition to validate shows that all bonds proposed to be refunded were issued by the City of Miami prior to the annexation of the City of Coconut Grove and the towns of Buena Vista and Silver Bluff and that all acts and deeds required to be done as a prerequisite to annexation including the affirmative vote of two-thirds of the freeholders cast at an election called and held to approve such annexation were done and performed.

Under Section Eight of Article Eight of the Constitution, the legislature has power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. In State vs. Burr, 79 Fla. 290, 84 So. 61, it was held by this Court that under Section Eight of Article Eight the jurisdiction and powers conferred by statute upon municipalities may be altered or amended at any time by the legislature. It may, therefore, be said that the power of the legislature over municipalities in this state is supreme.

Bearing this constitutional provision in mind, the question confronting us may be crystallized in these words: Can the City of Coconut Grove and the towns of Buena Vista and Silver Bluff, having been annexed to the City of Miami in 1925 under the acts as above cited, now claim immunity from taxation to refund the bonded debt of the parent city incurred prior to such annexation.

We think this question must be answered in the negative. It is within the power of the legislature to annex new territory to a municipality effected with or without an approving vote of the electorate. Nabb vs. Andreu, 89 Fla. 414, 104 So. 591. The power to tax is one of the most important powers conferred on a municipality. In fact its very existence depends on the proper exercise of this

power. Conditions change and values in municipalities often shift rapidly. To hold that the power to tax and other powers vested in a municipality are fixed and cannot be changed would in many instances result in grievous and inequitable burdens were it not for power vested in the legislature under the Constitution to alter or amend them at any time.

We do not think, therefore, that the City of Coconut Grove and the towns of Buena Vista and Silver Bluff acquired any contract rights with the City of Miami by their annexation thereto in the manner herein referred to. What they did acquire was a mere gratuity or privilege, in other words, a political right or concession revocable at the pleasure of the grantor. Moore vs. City of Pittsburg, 254 Pa. 185, 98 Atl. Rep. 1037, a case in point supports this view and holds further that its constitutional provision protecting the inviolability of contracts has reference only to those contracts involving property rights and has no application whatever to political rights and privileges. We think this view is undoubtedly the correct one.

This view is further supported by the Supreme Court of the United States speaking through Mr. Justice Clifford in Loramie vs. Albany, 92 U. S. 307, where the Court said: Municipal corporations are the auxiliaries of the state in the important business of municipal rule and cannot have the least pretension to sustain their privileges or their existence upon anything like a contract between them and the legislature of the state, because there is not, and cannot be, any reciprocity of stipulation and their objects and duties are utterly incompatible with everything in the nature of a compact. The following authorities support this view: Mt. Pleasant vs. Beckwith, 100 U. S. 514, 25 L. Ed. 619; Township of Orville vs. Borough of Woodcliff, 61 N. J. L. 107, 38 Atl. Rep.

685; Joesting vs. Baltimore, 97 Md. 589, 55 Atl. Rep. 456; Galloway vs. City of Memphis, 116 Tenn. 736, text 748, 751, 94 S. W. Rep. 75; Johnson vs. City of San Diego, 109 Cal. 468, 42 Pac. Rep. 249, 30 L. R. A. 178; Attorney General vs. City of Cambridge, 19 Gray (Mass.) 247; Scituate vs. Weymouth, 108 Mass. 128; Layton vs. New Orleans, 12 La. Ann. 515; Dillon on Municipal Corporations (5th Ed.) Vol. 1, Sec. 357.

To support its contention, Respondent relies on Windham vs. Portland, 4 Mass. 384; Hampshire County v. Franklin County, 16 Mass. 76; State vs. City of Hoboken, 43 N. J. L. 96; and Bowdoinham vs. Richmond, 6 Greenleaf (Me.) 112, 19 Am. Dec. 197, all of which have been read and, while we think they may be distinguished from the case at bar, some of them may be said to support the contract aspect of Respondent's contention. We do not think, however, that they are in line with the prevailing authority in this country, and, as Judge Dillon said, commenting on some of them in his work on Municipal Corporations (4th Ed.) par. 189 they are inconsistent with the necessary supremacy of the legislature over all its corporate and unincorporate bodies.

It is next contended that Section Nine of Senate Bill Number 152-X requiring an annual adjustment of the tax rate for refunding bonds as between the different parts of the City of Miami as enlarged violates Section Five of Article Nine of the Constitution in that it destroys uniformity of taxation.

The repealing clause of Section Nine is as follows:

"* * * all laws and parts thereof, general or special including Section 2 of Chapter 11617, Acts of 1925, so far as the same may be inconsistent with the complete exercise of any and all powers herein granted or may deny the right to exercise any power herein granted as to the levy of taxes upon all taxable property of said City or as to the custody of moneys

provided for the payment of bonds or as to any other thing; * * * ''

The repealing clause of Section Nine is followed by the tax adjustment clause which is as follows:

"* * * provided, however, that the City Commission of said City of Miami shall annually adjust and fix the millage to be levied for such bonds and interest and sinking fund in the different parts of said City so that the tax burden upon the several territories, respectively described in Section 2 of said Chapter 11617 (or parts thereof which remain within the City at the time of such levy), for the payment of the indebtedness referred to in said Section 2 shall not be affected by reason of the levy of such tax upon all taxable property of said City while the boundaries of the City remain as now established or changed at the present session of the Legislature.''

The repealing clause was doubtless inserted in the Act because of the holding of this Court in the recent case of State vs. City of Miami, 101 Fla. 292, 134 So. 608, to the effect that since Chapter 11855, Laws of Florida, Acts of 1927, contained no clause repealing the tax exemption clause of the Special Act of 1925, the general tax levy on all taxable property required by Chapter 11855 was not effective against the Special Law. If the repealing clause is effective and the tax adjustment clause is good then the refunding bonds become payable from a tax spread over the entire city.

We think the question here raised is foreclosed and settled in Hayes vs. Walker, 54 Fla. 163, 44 So. 747, wherein this Court held that notwithstanding the tax uniformity clause, (Section Five of Article Nine of the Constitution), it was competent for the Legislature to provide reasonable classifications of property for purposes of municipal taxation, so long as such classifications are not arbitrary, unreasonable and unjustly discriminatory and apply similarly to all under like conditions and do not deprive persons of property without just compensa-

tion or without due process of law or do not deny to any person the equal protection of the laws or do not violate any other provision of organic law. Classifications for purposes of legislation may be made with reference to similarity of situation, circumstances, requirements, and convenience to best subserve the public interest. The test as to validity of such classifications being good faith, not wisdom.

The import of Senate Bill Number 152-X does not appear to change the distribution of the tax burden for the debt of the City of Miami incurred prior to its enlargement in 1925 but to impose a tax on all taxable property within the City for the payment of its refunding bonds issued thereunder in order that all said bonds will occupy the same status on the market and that the rate throughout the annexed territories will be uniform as to each unit annexed and the rate laid in each unit will correspond to the aggregate debt incurred prior to annexation by said units respectively plus the uniform rate over the City for debts incurred subsequent to annexation. This rule to apply whether refunding the whole or any part of the aggregate debt of the City.

It is next contended that as to the City of Coconut Grove and the towns of Buena Vista and Silver Bluff bonds issued pursuant to Senate Bill Number 152-X, are in violation of Section Six of Article Nine of the Constitution.

That part of Section Six of Article Nine of the Constitution pertinent to this contention was an amendment adopted at the General Election in 1930 and is as follows:

"* * * The Counties, Districts, or Municipalities of the State of Florida shall have power to issue bonds only after the same shall have been approved by a majority of the votes cast in an election of the freeholders who are qualified electors residing in such Counties, Districts, or Municipalities shall participate, to be held in the manner to be prescribed by law; (but

the provisions of this Act shall not apply to the refunding of bonds issued exclusively for the purpose of refunding of the bonds or the interest thereon of such Counties, Districts, or Municipalities)."

This amendment was construed in State vs. City of Miami, .... Fla. ...., 131 So. 143; Sullivan vs. City of Tampa, 101 Fla. 298, 134 So. 211; and State vs. City Miami, 101 Fla. 292, 134 So. 608, and was held not to require a vote of the freeholders to issue refunding bonds designed to extend the time for payment of the original indebtedness, no new debt having been created.

But respondent contends that the debt proposed to be refunded by the bonds brought in question was incurred by the City of Miami prior to the annexation of the City of Coconut Grove and the towns of Buena Vista and Silver Bluff and that said municipalities cannot legally be taxed to pay said bonds until they have approved their issuance by a vote of the freeholders as the Constitution directs.

An examination of the Amendment to Section Six of Article Nine discloses that the limitation on issuing bonds is not directed against individual freeholders but against political entities, viz.: "Counties, District, or Municipalities". It is not out of place to say here that this Amendment was designed to forestall a reckless practice of issuing bonds by these political entities during "flush times" by an indifferent electorate, without thought of their payment and often by a negligible percentage of those entitled to vote. The Amendment in no way affects the supremacy of the Legislature over municipalities, the debt proposed to be refunded is in no way enlarged and the rule seems to be that when two or more municipalities are combined, the resulting municipality includes the persons and places of the several municipalities and it has the same property and owes the same debts which they all had and owed. The identity of the com-

ponent elements in other words is lost and becomes absorbed in the new creation. True vs. Davis, 133 Ill. 522, 22 N. E. Rep. 410; White vs. City of Atlanta, 134 Ga. 532, 68 S. E. Rep. 103; Toney vs. Macon, 119 Ga. 83, text 85, 46 S. E. Rep. 80; Loramie vs. Albany, supra; Troop vs. Pittsburg, supra; Pittston Township School District vs. Dupont Borough School District, 275 Pa. 183, 118 Atl. 308.

The concluding question presented for our determination is whether or not there exists other authority for issuing refunding bonds of the City of Miami and imposing a tax on all the property in the City for their payment. Under the conclusion reached it becomes unnecessary to consider this question. The decree below is accordingly affirmed.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.