STATE, *ex rel* CARY D. LANDIS, Attorney General, *et al.*, v. CITY OF HAINES CITY, FLORIDA, M. D. GRAFF, as Mayor-Commissioner, and FRED WALSMA and VICTOR WRAY, as City Commissioners of said City.

169 So. 383.
Opinion Filed June 29, 1936.

*Touchton & Crittenden, Robert T. Dewell* and *W. H. Poe,* for Plaintiffs in Error.

*Maxwell & Cobbey,* and *Gordon C. Huie,* for Defendants in Error.

PER CURIAM.—Quo warranto proceedings to test the legality of the inclusion of described areas in the City of Haines City, Florida, were brought by the Attorney General and one co-relator on January 5, 1933. An amended information by the Attorney General and numerous co-relators charging the illegal inclusion of greater areas was filed December 1, 1934. A second amended information was filed February 6, 1935.

It appears from the second amended information that in 1914 the Town of Haines City was incorporated by its inhabitants, the area including approximately 2,160 acres; that the Town of Haines City, covering the same area, was by statute incorporated in 1919, Chapter 8272, Laws of

Florida; that by Chapters 10678 and 11513, Acts of 1925, the City of Haines City was incorporated, covering over seven thousand acres. · Chapter 12790, Acts of 1927, reincorporated the City of Haines City and reduced its area to 4130 acres. The population of the city in 1920 was 3,037 and 4,388 in 1935.

It is contended that:

"Each and every one of the proceedings and acts are void and unconstitutional because of .the violation of the constitutional rights of the co-relators and others similarly situated, by including wild and uncultivated lands, citrus groves, farms and other rural territory, thereby subjecting it, and the inhabitants of the said territory to the imposition of needless, unnecessary and oppressive taxation, rules, regulations and municipal ordinances. * * * That these Acts and proceedings violate Sections 1, 4 and 12 of the Declaration of Rights, Sections 1 and 5 of Article 9 of the Constitution."

The Legislature by Chapter 12790 reduced the area of the city nearly one half; and even if the allegations of the information be regarded as sufficient to show an unconstitutional abuse of legislative authority in fixing the present boundaries of the City in so far as the co-relators' described property is embraced in the city, such co-relators cannot be heard to complain in view of the lapse of time since the lands have been included in the city. It is not shown that Chapter 12790 was not legally enacted or that on its face it violates the constitution or any public or private right that should be redressed in this action on the relation of the Attorney General or the co-relators. See State, *ex rel.*, v. City of Coral Gables, 120 Fla. 492, 163 So. 308.

In City of Winter Park v. State, *ex rel.* Attorney General, 119 Fla. 343, 161 So. 386, the statutes held invalid,

Chapters 11325 and 11802, Laws of 1925, unduly increased the territorial limits of the municipality that had been defined and limited by previous statutes, Chapter 9960, Acts of 1923, and Chapter 4295, Acts of 1893.

The final judgment sustaining the demurrer to the second amended information and dismissing the action, to which the writ of error herein was taken, is affirmed.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, P. J., dissents.

DAVIS, J., not participating.