HAINES CITY HEIGHTS, INC., v. THE CITY OF HAINES CITY,
a Municipal Corporation, etc.

172 So. 484.
Opinion Filed February 11, 1937.

*Robert T. Dewell,* for Appellant;

*Maxwell & Cobbey* and *Gordon C. Huie,* for Appellee.

DAVIS, J.—This was a bill for injunction to restrain the City of Haines City from levying and collecting taxes on forty acres of land within the latter's corporate limits on the authority of the doctrine this Court affirmed in the case of State, *ex rel.* Attorney General, versus City of Avon Park, 108 Fla. 641, 149 Sou. Rep. 409. The appeal is from an order denying the injunction.

The record in this case discloses that the particular lands involved in this case were included in the municipal limits in 1914, and that no contest over the validity of their original inclusion in the city, because of a constitutional lack of municipal benefits, has heretofore been brought. In the case of State, *ex rel.* Landis, Attorney General, v. Haines City. 126 Fla. 561, 169 Sou. Rep. 383, an adjoining forty acres of land were involved. In that case this Court held that an objection to the incorporation of the adjoining forty into the city in 1925 had become barred by laches, so relief by quo warranto to oust the City of Haines City from jurisdiction over that forty acres was denied.

The same principle of law as that decided in the quo warranto case is even more applicable to the other forty acres of appellant's land described in this suit and shown to have been within the appellee municipality's jurisdiction since 1914, as appears by the record in this case. So the decree of the Circuit Court denying injunctive relief of a character that has heretofore been held not to be obtainable by quo warranto, because of the owner's laches, should be affirmed on the authority of what was stated to be the law of the quo warranto cases, State, *ex rel.* Landis, Atty. Gen., v. Haines City, *supra.*

Constitutional writ denied and decree appealed from affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring).—In addition to the reasons stated in the foregoing opinion, the decree appealed from should also be affirmed because injunction was not, as I see it, the proper remedy. If the property was lawfully and constitutionally embraced within the City limits, the Constitution requires the municipality to tax it, along with all other non-exempt property, at an "equal and uniform rate" and upon a "just valuation." Art. IX, Sections 1 and 5, of Constitution. If not lawfully included within, or annexed to the city, the only method of ousting the municipal power thereover is by quo warranto. State v. City of Sarasota, 92 Fla. 563, 109 So. 473; State v. City of Stuart, 97 Fla. 69, 120 So. 335. Injunction does not lie to test the legal existence of a corporate franchise. McDonald v. Rehrer, 22 Fla. 198; Bateman v. Fla. Commercial Company, 26 Fla. 423, 8 So. 51; Crawford v. Bradford, 23 Fla. 406, 7 Encyc.

Pldg. and Prac. 416; Enterprise v. State, 29 Fla. 128, 10 So. 740. If the attack is not upon the legality of the inclusion of the property within the City, not upon the existence of the *power* to tax, but upon the unjust and illegal *exercise* of that power, injunction might lie. That part of the opinion, relied upon by appellant, contained in the case of State v. City of Avon Park, 108 Fla. 641, 149 So. 409, even if it means what appellant says it does, was, in my judgment, not necessary to the decision of that case, and hence *dicta.*