CERTAIN LANDS ON WHICH TAXES ARE DELINQUENT
v. CITY OF STUART.

188 So. 605.
Division B.
Opinion Filed May 9, 1939.
Rehearing Denied May 22, 1939.

*Carroll Dunscombe,* for Appellant.

*Smith & Kanner,* for Appellee.

BROWN, J.—This is an appeal from a final decree foreclosing delinquent tax liens. The bill of complaint was drawn under the provision of Chapter 15038, Acts of 1931, the constitutionality of which statute was upheld by this Court, Mr. Justice ELLIS and the writer dissenting, in the

case of City of Coral Gables v. Certain Lands, 110 Fla. 189, 149 So. 36, and the validity of said act was upheld by this Court and further recognized in the case of Fleming v. Fleming, 130 Fla. 264, 177 So. 607. The allegations of the bill are in substantial compliance with said statute and the motion to dismiss the same was properly denied. An answer was filed, containing a counter-claim. The Court granted a motion to dismiss the counter-claim and "to strike certain portions of the answer," but as no motion to strike any portion of the answer except the counter-claim is set out in the transcript brought before us by the appellant we are not able to ascertain what portions of the answer were stricken. An amendment to paragraph 4 of the answer was filed, and a motion to strike paragraph 4 thereof as amended was granted. The case was referred to a special master for taking of testimony, which was done, and a final decree was rendered in favor of the plaintiff, the appellee here.

As appellant's brief is not drawn in strict compliance with Rule 20 of our Supreme Court practice, it is somewhat difficult to determine from the "argument" portion of the brief just what questions referred to as "statements of questions involved" are being argued.

The first question argued is in the form of an affirmative statement: "That the proceeding in the court below does not provide due process of law, but savors of a bill of pains and penalties or a bill of attainder." As the bill is drawn in substantial compliance with the statute, we think this point is untenable.

It is further argued that the procedure in this suit was not in substantial accord with procedure in mortgage fore-closures. It is true that Section 1 of Chapter 15038 provides that the practice, pleading and procedure in any suit brought under the Act shall be in substantial accordance with the practice, pleading and procedure for the foreclos-

ure of mortgages of real estate, "except as herein otherwise provided." It is contended that because the bill did not have attached to it the original tax certificates being foreclosed, or copies thereof, that is not in accord with the rules regulating the foreclosure of mortgages. However, the bill does comply with Section 4 of said Chapter 15038, under which the attachment of the tax certificates or copies thereof is not required. Said section reads in part as follows:

"Section 4. Any such suit hereby authorized shall be commenced by bill in chancery in the Circuit Court of the county in which such city or town is situated, in the name of the city or town whose taxes, tax certificates and/or special assessments are sought to be enforced, as complainant, and against any or all lands upon which any taxes, tax certificates and/or special assessments are delinquent (as the case may be) for the period aforesaid, as defendant, in which bill there shall be briefly described the levy and non-payment of taxes and/or special assessments which are delinquent for the period aforesaid, and of all other taxes and/or special assessments then due and payable to said city or town and sought to be recovered in such bill, the lands proceeded against and the amount chargeable to each parcel or trace. It shall be unnecessary to name in such bill or proceedings any person or persons owning or having any interest in or lien upon such lands as defendants. At least thirty days prior to the filing of any such bill in chancery, written notice of intention to file the same shall be sent by registered mail to the last known address of the holder of the record title and to the holder of record of each mortgage or other lien, except judgment liens, upon each tract of land to be included in said bill in chancery; such notice shall briefly describe the particular lot or parcel of land, shall state the amount of tax certificate and/or special

assessment liens sought to be enforced and shall warn said owner and/or holders of liens, mortgages or other liens on or after the day therein named said bill in chancery to enforce the same will be filed, unless paid on or before said date.

"A certificate of the attorney shall be attached to the bill of compliant to the effect that said written notice has been given," etc.

The bill alleges that the lands involved in this suit are situated within the corporate limits of the City of Stuart in Martin County, Florida; that the complainant is a municipal corporation duly organized and existing under the laws of the State of Florida and as such is authorized and empowered to assess, levy and impose taxes upon all property within its territorial limits for the purpose of carrying out the powers and functions granted to it as a municipality; that the compliant for the years shown had assessed and levied upon the lands within its corporate limits certain taxes upon the various and sundry lots processed against, giving the description of each lot and the amount of taxes for each year; that the sum so assessed and levied against said lands thus described for taxes were not paid, and have not been paid or any part thereof; that upon the non-payment of taxes, the lands were sold to the City of Stuart, and tax certificates duly issued as provided by law, also setting forth the penalties and interest due upon said certificates, etc. The amount chargeable against each parcel of land is set forth in the bill. The bill further alleges an agreement as to attorney's fees, and the authorization of the City's Attorneys to bring the suit under provision of Chapter 15038. Inasmuch as this suit is brought under the general statute above referred to, we think these allegations are in substantial compliance with the statute.

However, it is argued that the appellee's bill did not

show the condition precedent to bring this suit, which is set forth in Section 8 of Chapter 15038. Paragraph 4 of the bill alleges that before bringing this suit complainant expressly authorized its attorneys to bring the same under the provision of the laws of Florida relative thereto and complainant introduced in evidence as one of its exhibits a resolution adopted by the governing body of the City of Stuart expressly adopting the procedure set forth in Chapter 15038, and we consider that the allegations and proof is sufficient on this point to show that the appellee elected to proceed under the statute as is provided in Section 8.

Appellant further contends that the bill of complaint failed to show whether the tax liens being foreclosed were for special assessments or general taxes, but paragraph 2 of the bill shows that only taxes were being foreclosed and that no special assessments were involved.

As above shown, Section 4 of the Act sets forth the necessary allegations of the bill and makes no requirement of attaching any exhibit to the bill other than the certificate of counsel therein referred to. In this case more than four hundred tax sale certificates were involved and it would have unduly encumbered the bill to have attached them thereto and it was not essential to the equity of the bill so to do in view of the provisions in Section 5 of the statute to the effect that the existence of the tax sale certificates, the amount due thereon and the non-payment thereof may be shown by an affidavit of the tax collector, and such sworn certificate received in evidence as *prima facie* proof of the facts so certified and of the validity of all proceedings in and about the levying and assessment of such taxes and the issuance of such tax certificate or certificates.

It is also contended by appellants that the lower court struck portions of their answer alleging that their lands were not subject to taxation. As above shown, there is

not sufficient basis in this record for us to consider this particular assignment of error. Furthermore, it does not appear that the appellant offered any proof whatever that any of these lands were not subject to taxation, not that they were located outside of the city limits. In this connection, see the following local statutes dealing with the City of Stuart: Chapter 15492, Acts of 1931; ch. 16692, Acts of 1933, and ch. 18867, Acts of 1937.

Section 5 of said Act provides that: "No tax or tax certificate shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to any tax sale or prior to the institution of the suit."

With this plain provision of the statute before it, we must assume that if any evidence has been offered by the appellant that any of these properties were not subject to taxation, the court below would have admitted such evidence and given it due effect. But no such evidence was offered. Furthermore, said Section 5 of the Act provides that: "If any person, firm or corporation shall claim that any tax, tax certificate or assessment is improper or illegal and seeks to contest the same, then such person, firm or corporation at the time of filing an answer resisting the foreclosure of any tax lien, tax certificate or assessment lien shall tender into the registry of the court such amount as he, they or it may claim was properly assessable," etc. While this latter provision may not apply in a case where the property involved was not subject to taxation in any event, no proof was proffered, as above stated, on that point, and whether or not the court struck that portion of the answer is not made to appear.

The first and second paragraphs of the answer denied that these lands were within the territorial limits of the City of Stuart, but no evidence was offered on that point.

There are some allegations in the answer which in effect attack the legal existence of the municipality, on the ground that the second charter act, adopted in 1925, was unconstitutional by reason of its containing a referendum clause; furthermore, that the election provided for therein for the ratification of the Act had never been legally held.

But we have held that the legal existence of a municipality can only be attacked by quo warranto brought by the Attorney General in the name of the State. State, ex rel. Davis v. City of Stuart, 97 Fla. 69, 120 So. 335, 97 A. L. R. 1307, and cases therein cited.

It is also contended that the appellee failed to allege and prove that it had complied with Section 980, C. G. L., requiring a list of city tax certificates to be filed in the office of the Clerk of the Circuit Court. It is argued that unless Section 980 is complied with, any subsequent purchaser taxes without notice of the tax liens. There is no proof in this record that there was in fact a failure to comply with Section 980. Furthermore, it is very doubtful whether such failure, if there was such failure, would affect the validity of the tax liens where foreclosure is sought by the municipality under said Chapter 15038.

Some further contentions are made but we have treated above all of the assignments of error and contentions made in support thereof which we deem material. The presumption is always indulged that the decree of the trial court is correct, and the burden is upon the appellant to bring to this Court a transcript of the record which will clearly show that the trial court committed material and prejudicial error; otherwise the decree must be affirmed. That burden has not been borne by the appellant in this case.

No reversible error appearing in the record the decree appealed from is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

THOMAS, J., disqualified.

BUFORD, J., not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.