## MORIN v. CITY OF STUART.
### No. 9048.

Circuit Court of Appeals, Fifth Circuit.
May 15, 1940.

Rehearing Denied June 11, 1940.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for an injunction to restrain the defendant, "City of Stuart" from attempting to exercise authority over plaintiff's lands and from levying, assessing and attempting to collect taxes thereon. The claim was that plaintiff's lands while located within the boundaries described in an Act of the Florida Legislature,[1] were not legally a part of the City of Stuart, for that the Act was unconstitutional in submitting to the qualified voters, the determination of whether the city boundaries should be so fixed and because no action was taken by the voters pursuant to that authority. The defense was first that plaintiff's suit constituted a collateral attack upon defendant's corporate existence and that plaintiff's remedy was not injunction but quo warranto and second, that plaintiff by delaying to bring suit for nearly thirteen years, was estopped by laches to now maintain it. The District Judge of the opinion both that there was laches and that quo warranto was the exclusive remedy, dismissed the bill.

Plaintiff appealing, vigorously insisting that her petition showing, that she has paid no taxes and has from the beginning resisted the efforts of the city to collect taxes from or assert jurisdiction over her property, she cannot be charged with laches; and that the Supreme Court of Florida has decided that upon claims like hers, that the inclusion of her property in the city is invalid because of an unconstitutional lack of municipal benefits,[2] injunction is an appropriate remedy, urges us to reverse the decrees of dismissal and to remand the cause with directions to hear it on its merits. Appellee, citing cases from Florida,[3] holding that persons may be estopped by their laches from attacking, on the ground of a constitutional lack of municipal benefits, the inclusion of their property in municipal limits, insists that the plea of laches was rightly sustained. Further, conceding that the Supreme Court of Florida has in one or two extreme instances, of which Sarasota v. Skillen, supra, cited

Carroll Dunscombe, of Stuart, Fla., for appellant.

A. O. Kanner, of Stuart, Fla., for appellee.

[1] Chapter 11214, Special Acts 1925.
[2] City of Sarasota v. Skillin et al., 130 Fla. 724, 178 So. 837.
[3] State ex rel. Landis v. Haines City, 126 Fla. 561, 169 So. 383; State ex rel. Landis v. Coral Gables, 120 Fla. 492, 163 So. 308, 101 A.L.R. 578; Haines City Heights, Inc., v. Haines City, 127 Fla. 86, 172 So. 484; Town of Lake Maitland v. State ex rel. Landis, 127 Fla. 653, 173 So. 677; City of Auburndale v. State ex rel. Landis, 135 Fla. 172, 184 So. 787; City of Winter Haven v. State, 125 Fla. 392, 170 So. 100.

by appellant is typical, entertained an injunction proceeding, appellee insists that these are exceptions to the rule and that the rule [4] rather than the exception applies here. In the Sarasota case, the court saying, "It is quite true that this court has approved a proceeding by quo warranto as the general method of seeking relief where a municipality undertakes to exercise control of territory over which it has no jurisdiction," held that where unbenefited lands were included in a municipality and the owner has no adequate legal remedy and was not estopped, equity might enjoin the collection of municipal taxes thereon. But in that case, there was a dissent and in the later cases of State v. City of Pompano, supra, and Certain Lands v. City of Stuart, supra, the court reaffirmed the doctrine announced in State ex rel. Davis v. City of Stuart, 97 Fla. 69, 120 So. 335, 64 A.L.R. 1307, that the legal existence of a municipality can only be attacked by quo warranto, brought by the Attorney General in the name of the State.

While in City of Winter Haven v. A. M. Klemm & Son, Fla., 192 So. 646, 651, the court undertook to reconcile the apparent conflict in the decisions by saying: "If incorporated areas of wild or rural lands are so excessive and unsuited for lawful municipal purposes as to violate the intendments of section 8, Article VIII, constitution, quo warranto may be invoked by the Attorney General. State ex rel. v. City of Stuart, 97 Fla. 69, 120 So. 335, 64 A.L.R. 1307. If particular lands cannot be taxed for municipal purposes without violating organic property rights and such rights have not been lost by acquiescence, waiver, estoppel or otherwise, injunction may be an appropriate remedy." State v. City of Avon Park, 96 Fla. 494, 118 So. 223; City of Sarasota v. Skillin, supra, and cases cited.

▄▄▄ However clear this matter now may be to the courts of Florida, which have the right to exercise both injunctive and quo warranto jurisdiction, it is certainly not clear to the federal courts, which

have not the right to exercise the quo warranto jurisdiction, and unless it is absolutely plain, under the state court decisions that there is injunctive jurisdiction in a matter of this kind, it is the duty of the federal court to decline jurisdiction and to remit the matter to the state courts. United States ex rel. Horigan v. Heyward, 5 Cir., 98 F.2d 433. The obligation to do so here is further enforced by the consideration; that "under section 8 of article 8 of the Constitution, the Legislature has power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. * * * It may, therefore, be said that the power of the Legislature over municipalities in this state is supreme." State v. City of Miami, 103 Fla. 54, 137 So. 261. 263; Cf. Gailey v. Robertson, 98 Fla. 176, 123 So. 692; State v. Clearwater, 106 Fla. 761, 139 So. 377, 146 So. 836; Nabb v. Andreu, 89 Fla. 414, 104 So. 591; and that the city in question, its boundaries and its powers have been the subject of many legislative acts [5] besides Chapter 11214 of which appellant complains. By Chapter 16692, Acts of 1933, a new municipality of Stuart with the boundaries defined by the Act of 1931, was created in its entirety. By its provisions, the original corporation of Stuart under Chapter 11214 was abolished and the territory and inhabitants of the City of Stuart and its limits as established in 1931, were declared to be a body politic to be known as the City of Stuart. In 1937, Chapter 18867, ratified, confirmed, validated and legalized all assessments for the years 1931-1936. In 1939, Chapter 20139 validated all the assessments from 1931 to 1938 inclusive, and other chapters were enacted at that session, all relating to the City of Stuart. In view of this continuous and continued legislative recognition, we think it plain that appellant's suit is an attack upon the existence of a municipality, the exclusive remedy for which is quo warranto; that it is not a mere suit to enjoin the collection of taxes; and that before such an

---

[4] Certain Lands v. City of Stuart, 137 Fla. 784, 188 So. 605; State ex rel. Davis v. City of Stuart, 97 Fla. 69, 120 So. 335, 338, 64 A.L.R. 1307; State ex rel. Johnson v. City of Sarasota, 92 Fla. 563, 109 So. 473; West v. Town of Lake Placid, 97 Fla. 127, 120 So. 361; Town of Enterprise v. State, 29 Fla. 128, 10 So. 740; City of Winter Haven v. State, 125

Fla. 392, 170 So. 100; State v. City of Pompano, 136 Fla. 730, 188 So. 610; City of Winter Haven v. A. M. Klemm & Son, Fla., 192 So. 646.

[5] Chapters 11750 and 11748, Acts of 1925, Ex.Sess.; Chapter 13429, Sp.Acts of 1927; Chapter 13430, Sp.Acts of 1927; Chapter 14408, Sp.Acts of 1929; Chapter 15492, Sp.Acts of 1931.

injunction could be brought, the existence as to her of the municipality thus created and recognized over and over again by legislative act will have to be determined in a public suit.

We agree therefore with the view of the District Judge that the bill constitutes a collateral attack upon the corporate existence of the defendant, and that not injunction but quo warranto in the state court, is the appropriate, indeed the exclusive, remedy. We do not agree that on the face of her bill appellant was estopped by laches. So much of the order as purports to dismiss the bill for laches is therefore disapproved and vacated and the order of dismissal as thus modified, is affirmed.

Affirmed.