**SELSER et al. v. CITY OF STUART et al.**

**No. 10464.**

Circuit Court of Appeals, Fifth Circuit.

April 29, 1943.

Rehearing Denied May 31, 1943.

Carroll Dunscombe, of Stuart, Fla., for appellants.

Michael G. Littman, of Stuart, Fla., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit against the City of Stuart and one Cook, sued as representative of the City's bondholders as a class, was brought for a declaratory judgment that the City of Stuart was without authority to assess, and to levy and collect taxes on, described properties of plaintiffs to pay its bonded indebtedness. Alleging that the city had petitioned for and filed in the Bankruptcy Court a plan for the composition of its indebtedness and that it was necessary that the court first determine what property is liable to pay its alleged debts, the suit, in addition to praying for a declaratory judgment, sought a stay of the composition proceedings in the bankruptcy court. On the merits, the petition contained allegations as to numerous acts of the Florida legislature, beginning in 1915 and continuing through 1939, dealing with the City of Stuart, the extension and contraction of its boundaries, and the validation and confirmation of tax assessments, levies, sales and certificates. There were also allegations that in 1929, the Supreme Court of Florida in quo warranto proceedings,[1] had found the 1925 extension invalid.

Both the city and Cook filed motions to dismiss, and the district judge, of the opinion that plaintiffs' petition did not present a case for declaratory judgment relief, dismissed it. We think the dismissal was right. In Morin v. City of Stuart, 5 Cir., 111 F.2d 773, 775, 129 A.L.R. 250, where a taxpayer, situated substantially as the taxpayers here are, undertook to enjoin the collection of taxes on her property, we held that in view of all the legislative enactments, the suit was a collateral attack upon the City of Stuart and that quo warranto was the exclusive remedy. We there

---

[1] State ex rel. Davis v. City of Stuart, 97 Fla. 69, 120 So. 335, 350, 64 A.L.R. 1307.

declared "In view of this continuous and continued legislative recognition, we think it plain that appellant's suit is an attack upon the existence of a municipality, the exclusive remedy for which is quo warranto; that it is not a mere suit to enjoin the collection of taxes; and that before such an injunction could be brought, the existence as to her of a municipality thus created and recognized over and over again by legislative act will have to be determined in a public suit".

Appellants' insistence that that decision is not authority for this one because that was a suit for injunction and this for declaratory judgment will not do, for if, as we there held, quo warranto is plaintiffs' exclusive remedy the case does not present a controversy judicable in a federal declaratory judgment suit. Since the judgment must be affirmed on the authority of the Morin case, supra,[2] we find it unnecessary to determine whether the suit, though in form for declaratory judgment, is in fact a suit in violation of the Johnson Act, 28 U.S.C.A. § 41, Subd. 1, denying jurisdiction to the federal court of any suit "to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

Affirmed.

---

[2] Cf. Meredith v. City of Winter Haven, 5 Cir., 134 F.2d 202.