**WILSON & CO., Inc. v. CITY OF JACK-
SONVILLE et al.**

No. 12393.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1948.

Francis P. Conroy, of Jacksonville, Fla., for appellant.

Inman P. Crutchfield and William M. Madison, both of Jacksonville, Fla., for appellees.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The question involved in this case is whether or not Section 95.24, F.S.A., which provides:

"(1) No action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property unless brought within twelve months from the time of the injury or damages."

violates the Fourteenth Amendment to the Constitution of the United States, or Secs. 1 and 12 of the Declaration of Rights, and Article 3, Secs. 20 and 21, of the Constitution of Florida, F.S.A., in view of the fact that the applicable statute of limitations for similar actions against defendants other than cities or villages is, by Secs. 95.11, F.S.A., made three years.[1]

The Plaintiff's action against the City of Jacksonville, not having been brought within twelve months from the date of the injury, was deemed by the lower Court to have been barred by Sec. 95.24, supra, and, accordingly, a motion for summary judgment was granted.

■ Sec. 20 of Art. 3 and Sec. 21 of Art. 3 of the Constitution of Florida are prohibitive or restrictive of the passage of local or special laws dealing with the subjects enumerated therein, but it is sufficient to say that Sec. 95.24 is not a special or a local law but deals with all cities or villages and fixes the time within which all suits for the negligent damage to personal property shall be brought, and is statewide in its application. Any conten-

---

[1] Section 1 of the Declaration of Rights of the State of Florida provides:

"Section 1. All men are equal before the law, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing happiness and obtaining safety."

Section 12 of the Declaration of Rights is substantially the same as the latter portion of the Fourteenth Amendment of the Constitution of the United States and provides:

"Sec. 12. No person shall be * * * deprived of life, liberty, or property, without due process of law; nor shall private property be taken without just compensation."

Section 20 of Article 3 of the Constitution of the State of Florida provides:

"Section 20. The Legislature shall not pass special or local laws in any of the following enumerated cases: * * * regulating the practice of courts of justice, except municipal courts; * * *."

Section 21 of Article 3 provides:

"* * * but in all cases not enumerated or excepted in that Section [Sec. 20 of Art. 3], the Legislature may pass special or local laws, except as now or hereafter otherwise provided in the Constitution; Provided that no local or special bill shall be passed, nor shall any local law or special law establishing or abolishing municipalities, or providing for their government, jurisdiction and powers, or altering or amending the same, be passed, unless notice of intention to apply therefor shall have been published in the manner provided by law * * *."

Section 8 of Article 8 provides that:

"The Legislature shall have power to establish, and to abolish, municipalities to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time."

tion of Appellant based upon Secs. 20 and 21 of Art. 3 of the State Constitution is inapt. For the same reason the case of Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116, 135 A.L.R. 359, furnishes no guide to a decision of the present case.

■ The argument of Appellant that this statute of limitations, affording to cities engaged in proprietary activities a statute of limitations shorter than that afforded to private persons and corporations engaged in activities similar to those of cities, is unreasonable, discriminative, and contrary to the equal protection and due process provisions of the State and Federal Constitutions, has been answered, we think, by the case of Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486, 488, wherein the Supreme Court of Florida said:

"While the argument that, when a city is engaged in the business of generating and selling electricity, its liabilities for torts committed in the operation of such business should be governed in all respects by general law applicable to all persons and corporations engaged in such business, and that therefore a statutory requirement of notice as a condition precedent to suit against a city would constitute class legislation, is a very plausible argument, the fact remains that there are such vital differences and distinctions between municipal corporations and private corporations, or individuals, as to afford some reasonable basis for the Legislature to make a different classification and rule with reference to many matters affecting cities and towns which do not apply to private corporations or private persons, without offending against those provisions of our State and Federal Constitutions which in effect forbid class legislation and which guarantee the equal protection of the laws. Const. Declaration of Rights, § 12, and article 3, § 21; Const.U.S. Amend. 14. Thus, while a city may be engaged in the business of generating and selling electricity, it is not supposed to be so engaged primarily for profit, but to secure to its citizens, at a fair and reasonable cost, the benefit of what has become a necessary public utility, and, even though some in-cidental profits should result from such business, the funds thus produced are public funds of the city which can only be used by the city for legitimate municipal purposes, thus making it possible to reduce the amount of general taxation upon its citizens. Indeed there might be a serious question about the constitutional right of a city to engage even in a public utility business for the primary purpose of amassing profits. However, that question is not presented here, and we need not discuss it. Furthermore, the Legislature might reasonably deem it wise and necessary to throw certain safeguards around municipal corporations to protect them against unfounded or fraudulent claims, which safeguards might not be deemed necessary in order to afford protection to private corporations even when engaged in some one or more of similar activities. It might have been in the legislative mind that private corporations or individuals engaged in business for profit may be depended upon to take care of their own interests and make prompt and efficient investigation of all claims made or likely to be made against them. On the other hand, cities, with miles of streets and electric lines, etc., cannot keep them under watch all the time, and, unless promptly notified of injuries received, or alleged to have been received, cities might frequently find themselves unable to ascertain the actual facts of bona fide claims, and seriously handicapped in defending against fraudulent claims. There are so many differences between public corporations on the one hand and private corporations and individuals on the other, and there being an express grant of broad powers to the Legislature in section 8 of article 8 of the Constitution with reference to municipal corporations, that we cannot see our way clear to hold that the Legislature was making an arbitrary and unreasonable classification when it provided that, as a condition precedent to suit, a party must give reasonable notice to the city of the nature and character of his claim and the circumstances under which it arose, so that the public funds of the city might be protected by ample opportunity for its officials to make investigation of the facts while there was yet opportunity to make

that investigation efficiently and effectively."

Even though the City of Jacksonville engages in numerous proprietary activities similar to those of a private corporation, nevertheless, "Municipalities are legal entities, established for local governmental purposes, * * *" [Waller, Marshall v. Osban, 60 Fla. 268, 52 So. 970] and private concerns are not.

In this connection it must be borne in mind that Sec. 8 of Art. 8 of the Florida Constitution gives the Legislature the power to establish and to abolish municipalities as well as to provide for their government, jurisdiction, and powers, and to alter or amend the same at any time it sees fit.

In the light of this constitutional provision and the decisions of the Supreme Court of Florida, this Court, in Morin v. City of Stuart, 5 Cir., 111 F.2d 773, 775, 129 A.L.R. 250, said:

" 'It may, therefore, be said that the power of the Legislature over municipalities in this state is supreme.' State v. City of Miami, 103 Fla. 54, 137 So. 261, 263; Cf. Gailey v. Robertson, 98 Fla. 176, 123 So. 692; State v. City of Clearwater, 106 Fla. 761, 139 So. 377, 146 So. 836; Nabb v. Andreu, 89 Fla. 414, 104 So. 591; * * *"

In Farragut v. City of Tampa, 156 Fla. 107, 22 So.2d 645, 646, the Supreme Court of Florida said:

"We are all familiar with the legal doctrine that the Legislature can pass any act which legislative wisdom dictates so long as such act is not in conflict, either expressly or impliedly, with any provision of our State or Federal Constitutions."

We see no provision of the State or Federal Constitution that was violated in the passage of the statute in question, and in view of the supreme or plenary power which has been conferred by Sec. 8 of Art. 8 of the State Constitution upon the Legislature in regulating municipalities, it seems clear that the Legislature was acting within its power in providing a statute of limitations for municipalities having a shorter period than that provided for private individuals or corporations. The Constitution not only gives the Legislature the power to protect the citizen against the acts of a municipality, but it likewise gave it the power to protect a municipality from the acts of its citizens.

Established as a governmental unit, a municipality is supported usually in part, if not entirely, by taxation, and it seems neither unreasonable, arbitrary, nor illogical for the Legislature, in the exercise of the supreme power which it possesses, to place municipalities in a classification entirely distinct from private individuals or corporations.

It is significant that the Legislature of Florida has exempted the property of municipalities from taxation, while that of a private corporation is not ordinarily exempt. Moreover, it has provided that municipalities may appeal to the Supreme Court without giving bond, whereas private individuals or corporations do not have that privilege. Instances could be multiplied that indicate a definite policy on the part of the Legislature to extend different treatment to local governmental units than is afforded individuals and business concerns generally, such as the provision that claims against counties must be filed within one year.

The classification is not unreasonable.

The judgment of the lower Court was correct and is affirmed.