STATE v. TOWN OF GULFPORT and PASADENA GOLF COURSE, INC.

189 So. 703
Division A
Opinion Filed June 6, 1939

*Chester B. McMullen,* for Appellant;
*Bryon T. Sauls* and *W. B. Dickenson,* for Appellees.

TERRELL, C. J.—The town of Gulfport in Pinellas County was created by Chapter 7166, Acts of 1915, Laws of Florida, and at various times, issued bonds for municipal purposes aggregating $1,034,153.81, on which is now past due a large amount of principal and interest. Being unable to meet its obligations on these bonds, the Town filed its petition in the United States District Court for the Southern District of Florida and was on the 30th day of January, 1939, adjudicated a bankrupt in proceedings similar to those detailed in State v. City of Sebring filed this date.

The Town then adopted a resolution to perfect the refunding plan as proposed in the bankruptcy proceedings and filed its petition in the Circuit Court to validate refunding bonds and non-interest-bearing certificates of indebtedness which it proposed to issue to carry out the refunding plan. A final decree of validation was entered and the present appeal is from that decree.

The first question urged is whether or not homesteads in the Town of Gulfport are subject to taxation for the payment of refunding bonds and certificates of indebtedness issued to replace bonds and interest which matured prior to the adoption of the amendment to the Constitution exempting homesteads from all forms of taxation.

This question has been so many times answered in the affirmative by this Court that we are constrained to say that it will not be ground for contempt but it will be silly to raise it after this opinion is filed.

The second question urged is whether or not the Town may covenant to collect the taxes levied for the payment of the refunding bonds and certificates of indebtedness in the same manner and at the same time that other taxes are collected and that it will not collect the debt service portion at any other time than at the time of the collection of the taxes for other operating expenses.

This question was determined by this Court contrary to the contention of appellant in State v. City of Orlando, 126 Fla. 251, 170 So. 887. Further discussion of it is not required.

The other questions raised have been examined but they too have been settled by this Court contrary to the contention of appellants in State v. City of Sanford, 128 Fla. 171, 174 So. 339; State v. City of Clearwater, 125 Fla. 73, 169 So. 602; Humphreys v. State, 108 Fla. 92, 145 So. 862; State v. City of St. Petersburg, 106 Fla. 742, 144 So. 313;

City of Winter Haven v. A. M. Klemm & Son, 132 Fla. 334, 181 So. 153.

Examination of the record discloses no reversible error; not only that but it is shown that the refunding agreement was very favorable to appellee in that it effected a saving of approximately 50 per cent of its bonded indebtedness. State v. City of Sebring, filed this date.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.