## STATE v. CITY OF TARPON SPRINGS

190 So. 19
Opinion Filed June 23, 1939

*Chester B. McMullen,* for Appellant;

*W. B. Dickenson,* for Appellee.

TERRELL, C. J.—Pursuant to provisions of its Charter, Chapter 6784, Acts of 1913, as amended by Chapter 11251, Acts of 1925, the City of Tarpon Springs issued bonds aggregating $2,358,500. Payments on principal and interest of said bonds have been in default for ten years and

there is now due on interest alone more than one million dollars which should be added to the principal.

After extended negotiations with its creditors, the City filed a petition in bankruptcy in the United States District Court for the Southern District of Florida, proposing a plan for refunding its bonded indebtedness and for other purposes. The plan as outlined in the petition was approved by the Court March 25, 1939.

The plan proposes to issue refunding bonds in an amount equal to seventy-five per cent of the original principal of the outstanding bonded indebtedness, said refunding bonds to be dated January 1, 1939, maturing January 1, 1974, bearing interest at one per cent for the first five years and advancing progressively to five per cent for the last ten years. It further provides that all past due interest computed to January 1, 1939, shall be refunded by the City issuing non-interest-bearing certificates of indebtedness in an amount not to exceed twenty per cent of the unpaid interest, said certificates of indebtedness to be dated January 1, 1939, payable January 1, 1949, and callable at the option of the City.

In order to effectuate the refunding plan so outlined and approved by the Federal Court, the City adopted a resolution providing for the issuance of said refunding bonds and certificates of indebtedness in the amounts stated and at the same time filed its petition in the Circuit Court praying that said refunding bonds and non-interest-bearing certificates of indebtedness be validated and approved. A final decree of validation in compliance with the prayer of the petition was on May 26, 1939, entered, from which the instant appeal was prosecuted.

Six questions are urged as basis for reversing the final decree of validation. It is first contended that homesteads to the amount of five thousand dollars are relieved under

Section 7, Article X of the State Constitution from the payment of taxes to discharge the interest and principal of the refunding bonds and certificates of indebtedness.

This contention is without merit. It is shown that the original bonds were issued before Section 7, Article X, of the Constitution was adopted and being so, homesteads with other property are amenable to a tax to discharge them. Folks and State v. Marion County, 121 Fla. 17, 163 So. 298; State v. City of Sanford, 128 Fla. 171, 174 So. 339; State v. Town of Gulfport, decided June 6, 1939, and other cases.

The second, third, and fourth questions are similar and have reference to the time and manner of collecting the debt-service taxes in relation to other taxes, the limitation on the kind of specie or money that may be accepted in payment of the debt-service taxes and the restriction on the rights and remedies that may be imposed by the Legislature subsequent to January 1, 1931, with reference to the City's obligation on said refunding bonds and certificates of indebtedness.

Nothing need be said in response to these questions except that the following cases settle them conclusively against the contention of Appellant. State v. City of Orlando, 126 Fla. 251, 170 So. 887; State v. City of Sanford, 128 Fla. 171, 174 So. 339; State v. City of Clearwater, 125 Fla. 73, 169 So. 602.

It is next contended that the Legislature was without authority to abolish the City of Tarpon Springs as created by Chapter 6784, Acts of 1913, and recreate it with a larger area as by Chapter 11251, Acts of 1925, and make the latter city responsible for the debt created under both charters.

We find nothing to support this contention. It is shown that the larger municipality issued most of the original bonds brought in question and it was competent for the

Legislature under Section 8 of Article VIII of the Constitution, to enlarge the City and impose the total obligation on it as enlarged. State v. City of Miami, 103 Fla. 54, 137 So. 261.

Likewise there is no merit to the contention that the refunding bonds and certificates of indebtedness are bad because the denominations in which they are to be issued are not named. They are to be issued pursuant to Chapter 15772, Acts of 1931, which carries no specification or requirement as to denominations in the petition. The resolution provides a definite amount to be issued and that they be issued in such denominations and be numbered as provided by the Board of City Commissioners. This was sufficient. State v. City of Clearwater, 125 Fla. 73, 169 So. 602.

The decree of the Circuit Court is free from error and is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.