STATE v. CITY OF DELRAY BEACH.

191 So. 188
Opinion Filed September 26, 1939

*Philip D. O'Connell,.* for Appellant;

*Adams & Nowlin,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree validating a single issue of refunding bonds of the City of Delray Beach to take the place of several issues of bonds promulgated over the period, 1913 to 1927.

It is first contended that the refunding bonds were not approved as required by law in that Chapter 14715, Acts of 1931, affecting the issue of refunding bonds, nor Section 6 of Article IX of the Constitution, were complied with and that the approving election was illegal in that it was held exclusively under the provisions of the city charter.

This question could be appropriately answered by the bare statement that the bonds in question being refunding bonds under Section 6 of Article IX of the Constitution, it was not necessary that they be approved by a majority vote of the freeholders in an election held for that purpose. The fact that they were so approved does not militate against them. It is shown that the election for their approval was held under Chapter 18494, Special Acts of 1937, all the essential provisions of which were substantially complied with. The City was empowered to do this and the provisions of the latter Act on this point were not essentially different from the provisions of Chapter 14715, Acts of 1931, the general law under which such elections are held, so both Acts may be said to have been complied with. The

election is shown to have been participated in by a majority of those qualified to vote in such elections and the approving vote was unanimous.

The second question urged is whether or not all properties within the municipality including homesteads, may be taxed to pay the interest and principal of the refunding bonds.

This question must be answered in the affirmative. Section 7 of Article X of the Constitution exempting homesteads from certain forms of taxation was adopted in 1934, after the original bonds were issued. It has no application to refunding bonds issued for the purpose of funding the original bonds which were issued before its adoption. State v. City of Clearwater, 125 Fla. 73, 169 So. 602.

It is also contended that the refunding bonds are invalid because a certain part of the City was excluded after the original bonds were issued and the record discloses that the excluded part is not taxed to pay the refunding bonds.

It is quite true that if refunding bonds are issued after the area of a municipality has been contracted, the issuing resolution should make mention of this fact. Atlantic Coast Line Railway Co. v. The City of Lakeland, 130 Fla. 72, 177 So. 206. The resolution for the issuance of the refunding bonds in this case takes notice of the reduced area of the City, sets it up fully, and we think in every respect meets the requirements of the last city case. Whether or not the excluded part should bear a part of the tax burden depends on the facts in the case. That question was properly concluded in this case.

It is last contended that the City was without authority to declare that it would accept nothing but lawful money of the United States in payment of the principal and interest of the refunding bonds.

This question is answered contrary to the contention of appellant in State v. City of Sanford, 128 Fla. 171, 174 So. 339. The question of whether or not the rights and remedies for the enforcement of the original bonds is carried into the refunding bonds is also concluded in State v. City of Pensacola, 123 Fla. 331, 166 So. 851.

We therefore conclude that the City of Delray Beach had full power to issue the refunding bonds drawn in question, that they were in all respects legal and regular and, being so, the judgment below is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.