H. T. FLEEMAN v. CITY OF JACKSONVILLE.

191 So. 840
Opinion Filed November 10, 1939

*Sears & Shea,* for Appellant;

*Austin Miller* and *Eli Finkelstein,* for Appellees.

TERRELL, C. J.—The City of Jacksonville filed its petition in the Circuit Court to validate an issue of refunding bonds to take the place of or redeem outstanding bonds maturing January 1, January 15, and February 15, 1940. A rule to show cause and notice to citizens and taxpayers was duly promulgated. Proof of publication was shown and the

State attorney on behalf of the State answered the rule to show cause. Appellant was also permitted to intervene and answer the rule to show cause. A motion to strike portions of the intervenor's answer was granted, a final decree validating the refunding bonds was entered and the intervenor appealed.

It is first contended that the refunding bonds violate Section 6 of Article IX of the Constitution in that they extend the maturity of the outstanding bonds and the payment of interest thereon.

If this contention possessed merit, it would be impossible for a taxing unit to refund any bonds because the refunding bond must necessarily extend both principal and interest of the old bond. This Court has repeatedly recognized that the limitations contained in Section 6, Article IX, of the Constitution do not apply to refunding bonds used exclusively to refund bonds outstanding or the interest thereon. Boatright v. City of Jacksonville, 117 Fla. 477, 158 So. 42.

It is next contended that the refunding bonds are violative of Section 6, Article IX, of the Constitution, because the petition for validation shows on its face that petitioner proposes to issue the refunding bonds without provision for simultaneous cancellation of the bonds sought to be refunded.

To support this contention, appellant relies on City of Miami v. State, 139 Fla. 589, 190 So. 774. The opposite language of the opinion in this case admits of no such interpretation. It is quite true that we therein held that the Constitution contemplated that the old bonds should be "promptly" cancelled and forever withdrawn from sale but this is quite different from saying that they must be "simultaneously" cancelled as the refunding bonds are issued.

In the very nature of the transaction, it would generally be impracticable to provide for cancellation of the outstanding bonds simultaneously with the issue of the refunding bonds. The outstanding bonds mature on fixed dates and the law contemplates that the proceeds of the refunding will be at the place of payment to take the place of principal and interest of the outstanding bonds when they mature. All this should be done as expeditiously as circumstances will permit but the fact that there is a reasonable lapse between the maturity of the outstanding bonds and the issue of the refunding bonds in no sense increases the indebtedness or makes outstanding both sets of bonds at the same time. In a business transaction of this kind and running over the period required, it is hardly reasonable to expect that every element in chronology will synchronize.

In the case at bar, the resolution for the issue of the refunding bonds provided that the city commission might dispose of "all or any part" of the refunding bonds for not less than par and accrued interest and that as soon as the proceeds of the bonds are received by the city commissioners they shall be deposited with the city treasurer and kept in a separate account to be used only and solely and for no other purpose than for the purpose of paying the bonds sought to be refunded. These requirements would seem to safeguard the proceeds of the refunding bonds.

It is next contended that the judgment below should be reversed because the petition shows on its face that petitioner is seeking to issue refunding bonds in December, 1939, to redeem outstanding bonds maturing January 1, January 15, and February 15, 1940, and that if said refunding bonds are issued, they will increase the indebtedness of the City contrary to Section 6, Article IX, of the Constitution.

To support this contention, appellant relies on that part of the opinion in City of Miami v. State, *supra,* wherein we

held in effect that the amount of the refunding bonds together with the bonds to be refunded shall not be outstanding in the hands of creditors "for any appreciable time." Otherwise the debt limit of the City would be exceeded.

Jacksonville has no debt limit stated in its charter, so we are not concerned with that phase in the instant case. What we said in answer to the second question applies with equal effect to this. When several small issues of bonds falling due at short intervals can be refunded by a single series of refunding bonds, good business practice would warrant the single issue to save expense and secure a better price for the bonds.

What is meant by "any appreciable time" is the gist of this question. In Section 2 of Chapter 11855, Acts of 1927, we have a very striking suggestion of what the Legislature considered an "appreciable time" in matters of this kind. It was there provided that refunding bonds may be issued within three months prior to the date of maturity of the obligations proposed to be refunded. In the case at bar, seven weeks is the longest period any of the refunding bonds would be issued before the old bonds were due. Anything within three months would certainly be within an "appreciable time."

The concluding question urged is grounded on the contention that the petition to validate the refunding bonds is violative of Chapter 15772, Acts of 1931, in that it provides no definite rate of interest for the refunding bonds to bear.

The record discloses that Section 1 of the issuing resolution provides that the refunding bonds shall be issued in denominations of $1,000.00 bearing interest at the rate of 4 per cent. It is further provided in Section 2 of the issuing resolution that said bonds may be sold at a lower rate of interest than 4 per cent.

Such a provision cannot be held to mean that no rate of interest was determined in the petition or that the rate was indefinite. Neither can it be held to be in violation of Chapter 15772, Acts of 1931. In fact, good business requires that the City sell its bonds at the most attractive rate possible, so it was competent for the resolution to give the city commissioners some latitude in this manner.

For this, it follows that the judgment below must be and is hereby affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.