W. D. Outman v. Fred P. Cone, *et al.*

192 So. 611
Opinion Filed December 22, 1939

*John C. Polhill, Raney H. Martin, W. B. Dickenson* and *W. B. Dickenson, Jr.,* for Appellant;

*George Couper Gibbs,* Attorney General, and *J. Compton French,* Assistant Attorney General, for Fred P. Cone; *Lincoln C. Bogue* and *John C. Blocker,* for Board of Public Instruction of Pinellas County, Fla.; *Baynard & Baynard,* for Intervenor and Appellee, M. E. Smith.

TERRELL, C. J.—Appellant filed his bill of complaint in the Circuit Court of Leon County praying that the Board of County Commissioners of Pinellas County and the Board of Administration of the State of Florida be enjoined from paying par plus accrued interest and the additional sum of $42.50 in settlement and redemption of an outstanding issue of bonds of .St. Petersburg Special Road and Bridge District No. 13, each of said bonds being in the sum of $1,000, with interest at 6 per cent per annum and bearing a deferred interest coupon in the sum of $45.00.

At final hearing on bill and answer and evidence taken, the bill of complaint was dismissed and this appeal was prosecuted. Three questions are urged for reversal but all turn on the force and effect to be given to the following portion of the resolution by the board of county commissioners authorizing the issuance of the bonds with which it is proposed to take up the outstanding bonds:

"All of said refunding bonds shall be callable upon any interest payment date, except for a two-year period prior to their respective maturity dates, according to the following schedule: At par, plus accrued interest at the rate then prevailing, without payment of any portion of the deferred interest, on or prior to July 1, 1946; at par, plus accrued interest at the rate then prevailing, plus one-half of the deferred interest, from and after January 1, 1947, to and including July 1, 1956; at par, plus accrued interest at the rate then prevailing, plus three-fourths of the deferred interest, from and after January 1, 1957, to and including

July 1, 1961; at par, plus accrued interest at the rate then prevailing, plus the full amount of the deferred interest, from and after January 1, 1962, to and including July 1, 1964; and at maturity said bonds shall be payable at par, plus the full mount of the deferred interest; PROVIDED, however, if any of said refunding bonds herein authorized are called for payment to absorb funds available from the sale of new refunding bonds of said District which may be authorized subsequent to the date hereof, then said refunding bonds authorized to be issued hereunder shall be called and redeemed at par, plus accrued interest at the rate then prevailing and plus the full amount of the deferred interest which has accrued and been earned to the date of such redemption. * * *

"Deferred Interest Coupon

"No..............      .             .      $45.00

"On the first day of ...................., 19........, St. Petersburg Special Road and Bridge District No. 13 of Pinellas County, Florida, will pay to bearer at Guaranty Trust Company of New York, in the City of New York, New York, the sum of $45.00, bearing the then enforceable, collectible and deferred interest on its Refunding Bonds, Series .............., dated July 1, 1936, No. .............., unless said bond shall have been theretofore called for redemption."

That part of the resolution so quoted was also written into the face of each bond proposed to be issued, they being refunding bonds to be used for the purpose of funding an equal number and value of valid outstanding bonds of St. Petersburg Special Road and Bridge District No. 13. The refunding bonds were being issued as provided by Section 6, Article IX of the Constitution and the statutes applicable to such issues.

We have repeatedly held that the issuance of refunding

bonds constituted nothing more than an extension of the original obligation under the same taxing power and that if more is attempted, the refunding issue must be approved by the freeholders. In other words, the refunding bonds are an extension of the old obligation under terms modified in a way that interest and maturities can be met. If new and additional or more burdensome terms are to be attached to the refunding bonds, Section 6 of Article IX requires that they be approved by the freeholders.

An examination of that part of the resolution challenged being a part of each refunding bond discloses a material departure from the terms of payment of the original bonds. It is admitted by counsel that it is susceptible of several interpretations. It may be that it would for present purposes be given an interpretation that would be no more burdensome to the taxpayer than the original obligation; on the other hand it might be given an interpretation that would make it decidedly more burdensome.

The answer to the bill of complaint in effect asserts that the latter would not be done and points out the interpretation contended for but this does not meet the issue. The taxpayer on whom the burden falls is entitled to know what is required of him and if he is required to pay more or meet the new obligation under terms materially different from those embraced in the old, he is entitled to be advised of and have a chance to approve or disapprove it. The purpose of refunding unmatured bonds is to renew the same obligation at reduced interest rates. If the refunding bonds bear approximately the same interest rates as the refunded bonds, the great expense of refunding necessarily increases the burden of the taxpayers. They should renew the original obligation without any added features affecting the obligation.

The exact point of cleavage appears to be whether or not the amount of deferred interest must be posted in favor of the holders of the old bonds when they are called in the manner provided. The resolution should not be ambiguous on this point. It leaves ground to jockey the bond situation and impose an undue hardship on the taxpayer by exacting the amount claimed. It further paves the way to violate Section 6 of Article IX by indirection.

The resolution further contemplates a call with refunding bonds materially different from one with sinking fund proceeds. We are apprised of no good reason for the difference besides an element is thus injected into the new contract materially different from the old one. This thing of refunding a bond issue should not become perennial. We are not warranted in presuming that it will have to be done a second time.

For these and other reasons lurking in that part of the resolution challenged, it was bad and warranted the relief prayed for. The judgment below is therefore reversed.

Reversed.

WHITFIELD, P. J., CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs in conclusion.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—I think the order and decree of the chancellor is without error and should be affirmed.