STATE v. CITY OF MIAMI.

194 So. 792
Division A
Opinion Filed March 19, 1940

G. A. *Worley*, for Appellant;

J. W. *Watson, Jr.*, for Appellee.

TERRELL, C. J.—In February, 1940, the City of Miami adopted Resolution 15996 for the purpose of refunding the following bonds: $27,372,000 Refunding Bonds of 1940, Series GM; $392,000 Refunding Bonds of 1940, Series EH, and $396,000 Refunding Bonds of 1940, Series OM. This appeal is from a final decree validating the refunding bonds as authorized by said resolution.

The first question we are called on to answer is whether or not Chapter 15686, Acts of 1931, is sufficient authority to support the resolution and to refund the bonds as proposed.

This question must be answered in the affirmative. Chapter 15686 is a special Act applicable to the City of Miami and is the controlling law on the subject. All the

indebtedness represented by the refunding bonds was incurred prior to June 24, 1931, the effective date of Chapter 15686, though some of the legal evidence of that indebtedness is in bonds issued subsequent to the latter Act. State v. City of Miami, 116 Fla. 517, 157 So. 13, supports this conclusion but even if there was doubt on this point, the general refunding Act, Chapter 15772, Acts of 1931, would warrant the refund.

The second question with which we are confronted is whether or not Resolution 15996 is sufficient with reference to taxes on property detached from the City in 1931, and does it sufficiently show that territory annexed to the City of Miami, in 1937, is subject to taxation for payment of the refunding bonds in like manner as territory originally in the city.

This question is concluded in the affirmative by the following decisions of this Court: State v. City of Miami, 103 Fla. 54, 137 So. 261; State v. City of Miami, 116 Fla. 517, 157 So. 13; Folks and State v. Marion County, 121 Fla. 17, 163 So. 925; State v. City of Orlando, 126 Fla. 251, 170 So. 887; State v. City of Lakeland, 132 Fla. 489, 180 So. 754.

The form of the proposed refunding bonds prescribed in Resolution 15996 has been examined and found to contain proper and sufficient recitals as to both the detached territory and as to the liability of all territory within the City for taxation to pay said proposed refunding bonds with interest.

The provisions of Resolution 15996 for the creation of reserves to pay the proposed refunding bonds do not increase the burden of taxation or pledge any new or additional revenues in payment of the refunding bonds or interest thereon. The purpose of these provisions is to make the

refunding bonds more attractive to investors and to decrease the burden of the taxpayers. Somewhat similar provisions were approved in State v. City of Miami, *supra*.

The next question presented is whether or not there is any constitutional objection to selling the refunding bonds at a discount in the manner provided by Chapter 15686, Acts of 1931, so long as there is no increase in the bonded indebtedness of the City.

Chapter 15686 in terms authorizes the sale of refunding bonds at a discount and the record discloses that the sale proposed will result in a saving of more than seven million dollars to the City. Under the facts in this case, we find no constitutional inhibition to such a sale. Sullivan v. City of Miami, 101 Fla. 298, 134 So. 211.

The concluding question may be stated as follows: Where Resolution 15996 and other facts show that there will be a lapse of approximately sixty days between the redemption date of the outstanding bonds and the issue of the refunding bonds can both sets of bonds be said to be outstanding at the same time in violation of the Constitution?

Resolution 15996 appears to have been carefully cast with a view of calling the old bonds and issuing the refunding bonds to take their place. There must be a brief allowance for play in chronology in cases like this but here it is not shown that both sets of bonds would be outstanding at one and the same time in violation of the Constitution. This question appears to be concluded against appellant by Fleeman v. City of Jacksonville, 140 Fla. 478, 191 So. 840.

The judgment of the circuit court was free from error and is affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.