STATE v. CITY OF CLERMONT.

196 So. 850
Division B
Opinion Filed June 21, 1940

*J. W. Hunter,* for Appellant;

*T. C. Cork, George F. Westbrook* and *Henry L. Jollay,* for Appellee.

CHAPMAN, J.—The record in this case discloses that during the years 1924, 1925 and 1926 the City of Clermont issued several thousand dollars of its bonds and on July 1, 1939, bonds of the par value of $884,300.00 were then outstanding and unpaid, with accrued interest to the aforesaid date in the amount of $440,117.00. The City of Clermont had defaulted in the payment of these bonds and interest for approximately ten years, and while tax levies had been made by the city for the purpose of payment of the bonds and interest, the said tax levies as made were delinquent for a period of time from 1928 to 1938. The assessed valuation of the property subject to tax shrunk from approximately $4,500,000.00 in 1926, 1927 and 1928 to the sum of approximately $1,125,000.00 in 1939. Judgments had been obtained against the City of Clermont on either bonds or interest coupons and the same like bonds and installments of interest remained unpaid.

The City of Clermont and its bondholders worked out a refunding agreement applicable to all unpaid bonds, interest thereon and judgments whereby the same would be refunded by issuing bonds in the total sum of $442,150.00 par value, being one-half of the outstanding indebtedness of the City of Clermont as of July 1, 1939. Pursuant to the refunding agreement the City of Clermont, through or by its City Council, on March 21, 1940, adopted a resolution authorizing the refunding of the city's outstanding bonded indebtedness by the issuance of $442,150.00 refunding bonds and $440,117.00 delinquent tax notes. The resolution was adopted by the City Council under the provisions of Chapter 15772, Acts of 1931, Laws of Florida. The refunding program provides for a substantial reduction in the interest rate on the bonds, while the delinquent tax notes shall not bear interest or have a definite maturity date and the payment thereof shall be secured by pledging all unpaid taxes for the year 1930 and all prior years, unpaid special assessment liens; also a levy of 12 mills on all property within the said city and the same shall be levied at the rate of 4 mills per year for each of the years 1939, 1940 and 1941.

The City of Clermont filed in the Circuit Court of Lake County, Florida, a petition for the validation of the refunding bonds and tax delinquent notes and the refunding resolution adopted by the said city by apt words was made a part thereof. The proceedings show all necessary parties were before the court and a substantial compliance with the statutes, and on April 18, 1940, the Honorable J. C. B. Koonce, circuit judge, made and entered a decree validating the said refunding bonds and delinquent tax notes described in the refunding resolution adopted by the City of Clermont and accurately described in the petition for validation. From this decree an appeal has been perfected to this Court and errors assigned for its reversal.

The first question for a decision is, are the homesteads in the City of Clermont liable for taxes for the purpose of creating interest and principal of a sinking fund to pay the refunding bonds and the delinquent tax notes? It is conceded that the bonds sought to be refunded were issued by the City of Clermont during the years 1924, 1925 and 1926, and Section 7 of Article X of the Constitution of Florida was adopted by the people at the general election in Florida held on November 6, 1934, which exempted homesteads from all taxation. We think the answer to this question is found in the case of State v. City of Tarpon Springs, 138 Fla. 649, 190 So. 19. See Folks v. County of Marion, 121 Fla. 17, 163 So. 298, 102 A. L. R. 659; State v. City of Sanford, 128 Fla. 171, 174 So. 339; State v. Town of Gulfport, 138 Fla. 505, 189 So. 703.

It is next contended that an election for the authorization of the refunding bonds and delinquent tax notes was required by Section 6 of Article IX of the Constitution of Florida adopted by the voters of Florida at an election held November 4, 1930. A provision of this section of the Constitution is that the same shall not apply to refunding bonds issued exclusively for the purpose of refunding bonds or the interest thereon. See State v. City of Delray Beach, 140 Fla. 132, 191 So. 188. An election is not necessary to authorize the refunding of interest in the form of delinquent tax notes. See State v. City of Lakeland, 132 Fla. 489, 180 So. 754; State v. City of Sanford, 128 Fla. 171, 174 So. 339.

It is next contended that the evidence adduced was insufficient to support the findings of the Chancellor as expressed in the final decree. We have read the entire record and careful attention has been given to the evidence adduced and considered in the lower court. There is a pre-

sumption in law and in equity of the correctness of the ruling of the lower court and on appeal the burden of showing error rests on the person asserting error. We fail to find error in the record.

The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court