STATE v. SPECIAL TAX SCHOOL DISTRICT No. 3, OF
PINELLAS COUNTY.

197 So. 127
En Banc
Opinion Filed June 28, 1940

*Chester B. McMullen,* for Appellant;

*Lincoln C. Bogue,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree of the Circuit Court of Pinellas County, validating an issue of refunding bonds of Special Tax School District No. 3. The bonds proposed to be refunded were also refunding bonds

issued in 1933 in Series A, B, and C, bearing interest at 5, 5½, and 6 per cent. They were exchanged for original bonds and bore "deferred interest coupons," in the sum of $150 on Series A, $100 on Series B, and $50 on Series C. The new refunding bonds bear interest at 4¼ per cent per annum, payable semi-annually unless a lower rate can be secured.

The question brought to this Court for determination is whether or not the refunding bonds can be issued in the manner proposed without violating Section 6, Article IX of the Constitution of Florida.

The appellant contends that this question must be answered in the negative because the refunding bonds will not be sufficient to replace the outstanding bonds and the deferred interest coupons either by sale or exchange, and that being so two sets of bonds will be outstanding for an indefinite period representing the same debt which cannot be without an approving vote of the freeholders as required by Section 6, Article IX, of the Constitution.

We do not think there is any merit to this contention. The bonds proposed to be refunded provide among other things that they may be called "on or prior to October 1, 1942, at par and accrued interest at the rate then prevailing as enforcible and collectible." They are being called under this provision and all prerequisites to the call have been followed. The proposed refunding bonds are issued in compliance with Chapter 15772, Acts of 1931, and the entire refunding scheme is being accomplished under that Act. The provisions of said Act are as much a part of the refunding bonds as if written therein but whether or not this was done is of no consequence and does not affect the validity of the refunding bonds.

There is no authority whatever for enforcing the deferred

interest coupons if the outstanding bonds are called prior to October 1, 1942, and replaced with funds realized through tax sources or from any source including the sale of new refunding bonds. The chancellor recognized this and so provided in his validating decree. His decision is supported by Outman v. Cone, 141 Fla. 196, 192 So. 611; Taylor v. Williams, 142 Fla. 402, 195 So. 175.

The resolution and other proceedings pertaining to the issue of the refunding bonds have been examined and are shown to be regular and in compliance with law. There is ample power in the Board of Public Instruction to issue the refunding bonds without reference to payment of any portion of the deferred interest coupons attached to the outstanding bonds. This has been done and the outstanding bonds have been legally called.

Since this is the case, we find no fault in the call of the old bonds, the manner of issue of the refunding bonds, and being so, whether or not the outstanding bonds are surrendered for payment when legal notice is given, they will cease to bear interest so there will not be two sets of bonds outstanding.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.