F. L. RICHARD, Appellant, v. CITY OF FORT LAUDERDALE, Appellee.

1 So. (2nd) 202
En Banc
Opinion Filed March 11, 1941

*Abbott & Smith,* for Appellant;

*Julian E. Ross,* for Appellee.

TERRELL, J.—The City of Fort Lauderdale ·adopted Resolution 1427 for the purpose of issuing "refunding bonds of 1941" to refund refunding bonds, Series of 1937, and forthwith filed its petition in the circuit court looking to their validation. Appellant as complainant filed his bill of complaint seeking to restrain the City from issuing, validating, and negotiating the proposed refunding bonds. Answer was filed, testimony was taken, and on final hearing, the restraining order was denied and the injunction suit dismissed. This appeal is from the final decree.

It is first contended that the outstanding refunding bonds are not in default and cannot be refunded under Chapter 15772, Acts of 1931; that if they can be refunded it must be done by an approving vote of the freeholders; that if refunded they will be invalid because the proposed refunding bonds exceed charter indebtedness limitations and homesteads may not be relieved of a tax to service them.

It is admitted that the City has outstanding $4,350,200 in bonds which were refunded by the Series of 1937 and that none of them are in default. The purpose of Chapter 15772, Acts of 1931, is to enable overburdened, debt-ridden political entities to refinance and spread their obligations over a different period at a more favorable rate of interest. Manatee County v. State, 139 Fla. 530, 190 So. 687. So

the fact that none of the outstanding bonds were in default and that the issue proposed was for the purpose of refunding bonds already refunded is not material. State v. City of Orlando, 126 Fla. 251, 170 So. 887; City of Miami v. State, *et al.*, 139 Fla. 598, 191 So. 774.

There is likewise no merit to the contention that the proposed refunding bonds must be approved by a vote of the freeholders as required by Section 6, Article IX, of the Constitution. State v. City of Clermont, 143 Fla. 434, 196 So. 850. Section 24, Chapter 15772, Acts of 1931, would seem to be conclusive of this question. In answer to the suggestion that the proposed refunding bonds exceed the allowable charter indebtedness of the City, it is sufficient to say that it is not shown that when the original bonds were issued the allowable debt limit was exceeded, the record being silent on the point. The original bonds and the series of 1937 refunding bonds were validated by decree of the circuit court which would put that question in repose. The homestead amendment was adopted after the original bonds were issued so all homesteads are bound for a tax to service the refunding bonds. State v. City of Orlando, *supra.*

It is last contended that it will cost $6,000 to prepare and market the proposed bonds and that such an expenditure under the circumstances will be a waste of public funds which should not be permitted.

On this point it is shown by the City that if the refunding bonds can be sold at par and accrued interest a saving of $964,104 in interest payments will result to the taxpayers; that the proposed refunding bonds will be much better for the fiscal affairs of the City and that the retirements under the new bonds would make the burden much easier to carry and avoid a collapse in the City's tax structure.

It is not charged that the $6,000 is exorbitant or is more

352

than should reasonably be paid for the service proposed. While we have previously suggested that the matter of refunding public indebtedness should not be permitted to become perennial or habitual, it is after all largely a matter in the discretion of the City. If the saving proposed can be accomplished and the fiscal condition of the City improved in the manner claimed, certainly the refunding will be justified. The chancellor heard the evidence and found no abuse of discretion. We find no reason to reverse him, so his judgment is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.