STATE OF FLORIDA v. CITY OF BARTOW, etc.

2 So. (2nd) 125

En Banc

Opinion Filed May 6, 1941

*L. Grady Burton,* for Appellant;

*Casey, Walton & Spain* and *E. Snow Martin,* for Appellee.

TERRELL, J.—This appeal is from a final decree validating refunding bonds of the City of Bartow, the main purpose being to reduce the carrying charges on the City's bonded indebtedness. The refunding bonds are labeled "Refunding Bonds, Series of 1940" and are secured by ad valorem taxes on all taxable property in the City, in addition to the net revenues derived by the City from the operation of its municipally owned light and water system in an amount which with other revenues will be sufficient to service the refunding bonds, provided that such revenues shall not be less than 50 per cent of the total amount thereof for any one year.

It is contended that the City has no authority to pledge the unappropriated net revenues of its light and water system, that such appropriation increases the security for its indebtedness and so changes the nature of the indebtedness as to preclude the taxation of homesteads for its payment.

The city charter of the City of Bartow (Chapter 9683, Special Acts of 1923) authorizes the City to borrow money and issue bonds secured by any public utility owned by the City. The bonds which the City seeks to refund were so secured and the refunding Act, Chapter 15772, Acts of 1931, authorizes the pledge of such funds to service the refunding bonds. This Court approved a similar procedure in State v. City of Sanford, 128 Fla. 171, 174 So. 339.

The City is at present obligated to pay 50 per cent of the net revenues of its light and water system with all other unappropriated revenues from sources other than ad valorem taxes to service the outstanding bonds and we do not construe the refunding resolution brought in question to do more than this. Neither do we consider the nature of the indebtedness to have been changed. It is now represented by outstanding bonds and under the refunding resolution will continue to be so represented. Nothing has changed the nature of the indebtedness and no satisfactory reason is shown why homesteads should not bear their part of the burden.

In response to the suggestion that the refunding bonds should be approved by a vote of the freeholders, it is sufficient to say that they do not change the nature of the indebtedness or increase the security so there is no merit to this contention. We do not deem it necessary to cite authority on this point.

Affirmed.

BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., and WHITFIELD, J., not participating.