STATE OF FLORIDA v. CITY OF NEW SMYRNA BEACH, FLORIDA.

4 So. (2nd) 660
En Banc
Opinion Filed November 18, 1941

*Murray Sams,* for Appellant;
*Francis P. Whitehair,* for Appellee.

TERRELL, J.—This appeal is from a final decree validating an issue of "Refunding Bonds, Series 1941" to refund "Refunding Bonds, Issue of 1934," City of New Smyrna Beach. The resolution authorizing the Refunding Bonds, Series 1941, pledges $20,000 annually of net revenues of the light and water system and all other net revenues of said system to their payment, when not appropriated for other purposes. It is further provided that the $20,000 so appropriated shall be prior and superior to the pledge for the payment of the water revenue certificates.

· The outstanding bonds were issued in a prior refunding operation, in which the rate of interest then borne was reduced for a period of years, on condition that a "deferred interest coupon" be annexed to each new bond as evidence of a deferred obligation to pay, in a lump sum at the maturity of the new bond, the difference from its date to its maturity, between six per cent per annum and the lesser rates of interest specified in the new bonds. Each bond is callable at the option of the city on any interest payment date to and including January 1, 1944.

It is first contended that the city had no authority to pledge $20,000 annually of the net revenues of its light and water system or other unappropriated net revenues of the system to pay the refunding bonds, that such a pledge will change the nature of, and increase the security for, the payment of the bonded indebtedness, thereby relieving homesteads of the indebtedness and making it necessary that the proposed refunding bonds be approved by the freeholders as authorized by Sec. 6, Art. IX of the Constitution.

There is no merit to this contention. Sec. 7 of

the City Charter (c. 10941, Special Acts of 1925) authorizes the city to own and operate its water works and public utilities, to issue and sell bonds and to pledge said utilities and the income therefrom for the payment of such bonds. The record shows that the outstanding bonds were issued to refund prior bonds including water works bonds and that the city did in fact pledge said funds for payment of the prior bonds.

As heretofore indicated, the pledge was for the security and payment of the refunding bonds and interest thereon and included a fixed portion of the net revenues of the municipal light and water system. This plan has been in existence for years and is protected by a validating decree of the circuit court. There is no doubt of the power of the city to continue the pledge in the new refunding bonds. State v. City of Sanford, 128 Fla. 171, 174 So. 339; State v. City of Bartow, 147 Fla. 67, 2 So. (2nd) 125. Under these circumstances it was not essential that the issue of the latter be approved by the freeholders. State v. City of Miami, 142 Fla. 284, 194 So. 792; State v. City of Fort Myers, 145 Fla. 135, 198 So. 814.

It is next contended that the pledge of $20,000 annually of the net revenues of the light and water system to the payment of the refunding bonds cannot be given priority over the existing pledge of the net water system revenues for the payment of the water revenue certificates.

Since we hold that the prior pledge of net water system revenues to the payment of outstanding bonds was valid, the subsequent pledge of said revenues to the payment of the water revenue certificates should be subordinate thereto. The ordinance and resolution so provided and did nothing more than continue the

old obligation as then existing. The city has a right to preserve the relative rights and priorities of creditors. City of Miami v. State, 139 Fla. 598, 190 So. 774.

The next question challenges the validity of the deferred interest coupons attached to each of the refunding bonds. This question was concluded by Outman v. Cone, 141 Fla. 196, 192 So. 611; State v. Special Tax School District, 143 Fla. 557, 197 So. 127; Andrews v. City of Winter Haven, filed September 13, 1941. We find nothing in the record to remove the coupons from the rule in these cases.

Other questions argued have been examined but they are concluded by the case last cited and by Fleemen v. City of Jacksonville, 140 Fla. 478, 191 So. 840; and State v. City of Miami, 142 Fla. 284, 194 So. 792.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.