**STATE OF FLORIDA and THE TAXPAYERS, PROPERTY OWNERS and CITIZENS OF SAID CITY OF MIAMI, INCLUDING NON-RESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION, THEREIN, v. THE CITY OF MIAMI, a municipal corporation of the State of Florida.**

19 So. (2nd) 410            June Term, 1944
October 13, 1944             Division A

*Stanley Milledge,* for appellants.

*J. W. Watson, Jr.,* and *Masslich & Mitchell* (New York, N. Y.) for appellee.

TERRELL, J.:

The City of Miami has outstanding $25,823,000 Refunding Bonds of 1940, Series GM, bearing interest at rates ranging from 3½ to 4 per cent payable semi-annually in January and July. Of the said bonds, $7,623,000 mature after 1960 and

are subject to call July 1, 1945, by the terms thereof provided at least thirty days notice prior to any interest payment date upon which redemption is to be made, is given.

By Resolution Number 18569 of August 16, 1944, the City Commission proposes to issue $7,600,000 of new refunding bonds, 1944 Series GM for the purpose of refunding a like amount of the outstanding callable refunding bonds of the 1940 Series GM, said bonds to be dated July 1, 1944, to mature July 1, 1965, subject to call and redemption prior to maturity at the option of the city. The resolution also provides the numbers and rate of interest the new refunding bonds shall bear.

On petition of the City, the circuit court entered a decree validating the proposed new refunding bonds. No question is raised as to the power of the City to issue new refunding bonds for the purpose of refunding outstanding bonded indebtedness that has heretofore been refunded. That question is concluded here. Richard v. City of Fort Lauderdale, 146 Fla. 349, 1 So. (2nd) 202; City of Miami v. State, et al., 139 Fla. 598, 191 So. 774; State v. City of Orlando, 126 Fla. 251, 170 So. 887.

The appeal is from the validating decree and the question is whether or not the City of Miami is authorized to issue and deliver immediately the proposed $7,600,000 new refunding Bonds 1944 Series GM to redeem bonds maturing July 1, 1945.

The issuing Resolution Number 18569 was adopted pursuant to Chapter 15686, Special Acts of 1931 (First Extra-ordinary Session) and Section Six, Article Nine of the Constitution regulating the issue of refunding bonds. An examination of the issuing resolution and the law as thus stated discloses that the real question for decision is whether or not approximately seven months may transpire from the time that new refunding bonds are issued to the maturity date of the bonds to be refunded.

We considered a like question in City of Miami v. State, 139 Fla. 598, 191 So. 774; Fleeman v. City of Jacksonville, 140 Fla. 478, 191 So. 840; and State v. City of Miami, 142

Fla. 284, 194 So. 792. In these cases, we held that an appreciable length of time might run from the issue of the refunding bonds to the maturity of the bonds refunded. In all these cases, we were treating with periods shorter than seven months, the period involved here but we have not limited the time to any arbitrary period.

One of the primary purposes of refunding is to take advantage of lower interest rates and to reduce carrying charges when possible. The circumstances under which this can be done will depend on the facts of the particular case. We think the Constitution and the Statute referred to should be construed to effectuate this purpose rather than defeat it by a hard and fast literal one where possible to do so. Good business requires this. In the case at bar it is shown that the market on municipal bonds is now at the highest peak known to the country and that the proposed refund will result in the saving of approximately three quarters of a million dollars to the taxpayers of the City.

It is the general opinion that the war in Europe will soon be ended, that every governmental integer has under prospect huge war programs that will call for the expenditure of billions of dollars that may materially affect the bond market. In view of these circumstances, we think the city commissioners are amply justified in issuing the new refunding bonds for the purpose of redeeming the old ones and we find no legal inhibitions to doing so. Kalber v. Stokes, Mayor, et al., 194 S.C. 339, 9 S.E. (2nd) 785; Sebern v. Cobb, 41 Idaho 386, 238 Pac. 1023; State ex rel. Maestri, Mayor v. Cave, 193 La. 419, 190 So. 631.

The judgment is affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.