**STATE OF FLORIDA, et al., v. CITY OF BARTOW, a municipal corporation.**

27 So. (2nd) 350            June Term, 1946
September 19, 1946            En Banc

*L. Grady Burton,* for appellants.
*Maurice J. Wilson,* for appellee.

SEBRING, J.:

The appeal is brought by the State Attorney of Polk County from a final decree authorizing the issuance of negotiable revenue bonds of the City of Bartow, Florida, in the aggregate principal amount of $150,000 to be issued for the purpose of constructing or acquiring extensions and improvements to the electric light system of the utilities system of the City.

It appears from the record that on April 1, 1934 the City of Bartow issued certain bonds denominated "General Refunding Bonds, Series A, B, C, D, and E." On October 1, 1940 these bonds were refunded by an issue denominated "Refunding Bonds, Series of 1940." The latter bonds were secured by ad valorem taxes on all taxable property in the City and contained a pledge of additional revenues, as follows:

"That as additional security for the payment of such principal and interest there are hereby pledged to such payment the net revenues derived by the City of Bartow from the operation of its municipally owned light and water system, including all additions and extensions which may be made thereto while any of the bonds herein authorized remain outstanding, in an amount which, together with other revenues, shall be sufficient to pay said principal of and interest on said Refunding Bonds, Series 1940, as the same shall become due, provided that *such revenue so pledged shall not be less than fifty per centum (50%) of the total amount of such net revenues for any twelve months period.* Net revenues shall be construed to mean all gross revenues derived from the operation of said light and water system after there have been first deducted from such gross revenues only the reasonably necessary expenses of operating and maintaining said system to keep it in repair." (Italics supplied).

The chancellor who entered the final decree validating the revenue bonds which are the subject of this present appeal found that by the language of the covenant which we have quoted above only fifty per cent. of the net revenues of the water system of the Utilities System of the City of Bartow are pledged for the payment of the principal and interest on the "Refunding Bonds, Series of 1940," dated October 1, 1940;

and that the remaining fifty per cent. of said net revenues of the water system are not pledged or encumbered in any manner. He found, also, that as of the date of the entry of the decree the entire net revenues of the electric light system of the Utilities System of the City were pledged for the payment of the principal and interest on $32,000 Electric Revenue Certificates of the City of Bartow, dated December 1, 1935; that subject to the prior pledge of said net revenues for the payment of said $32,000 Electric Revenue Certificates, fifty per cent. of the net revenues of said electric light system are pledged for the payment of the principal and interest on the "Refunding Bonds, Series of 1940," dated October 1, 1940; and that the remaining fifty per cent. of the net revenues of the electric light system are not pledged for, or encumbered in any manner by, the said "Refunding Bonds, Series of 1940," dated October 1, 1940.

The chancellor further found in his decree that the negotiable revenue bonds sought to be validated are payable solely from the net revenues of the water system and the electric light system of the City's Utilities System and do not constitute an indebtedness of the City for which the taxing power of the City is pledged; and that "the lien of the holders of Utilities Revenue Bonds proposed to be issued by said City . . . and of the holders of the coupons appertaining thereto, on the net revenues of said water system and said electric light system of said Utilities System will be subordinate to the lien of the holders of said $1,131,000. Refunding Bonds, Series 1940, dated October 1, 1940 (issued to refund $1,278,660.25 General Refunding Bonds, dated April 1, 1934, Series A. B. C, D, and E), *only as to fifty per centum (50%) of said net revenues;* and that such holders of said Utilities Revenue Bonds will have an exclusive first lien on fifty per centum (50%) of the net revenues of the water system, and an exclusive first lien on fifty per centum (50%) of the net revenues of the electric light system of said Utilities System, subject, however, to the prior and superior lien of the holders of said $32,000 Electric Revenue Certificates, dated December 1, 1935, on all the net revenues of said electric light system of said Utilities System." (Italics supplied).

The appellant maintains that the chancellor committed reversible error in finding that the covenant contained in the "General Refunding Bonds, Series 1940," dated October 1, 1940, pledged only fifty per cent of the net revenue of the Utilities System, in view of the language contained in such stipulation that "such revenues so pledged shall not be less than fifty per centum (50%) of the total amount of such net revenues for any twelve months period"; and that the chancellor erred, also, in finding that the Utilities Revenue Bonds proposed to be issued were not subordinate to a prior and superior lien on all net revenues derived from the Utilities System for the payment of said Refunding Bonds, Series 1940.

We cannot agree with the appellant that the chancellor erred in the findings he made. In State of Florida v. City of Bartow, 147 Fla. 67, 2 So. (2nd) 125, this court interpreted the legal effect to be given the covenant which we have quoted, and held that the covenant did no more than obligate the City "to pay 50 per cent of the net revenues of its light and water system with all other unappropriated revenues from sources other than ad valorem taxes to service the outstanding [General Refunding Bonds, Series 1940]." This being the effect of the covenant, no error was committed by the chancellor in finding that the Utilities Revenue Bonds here brought in question were not subordinate to a prior and superior lien on the entire net revenues derived from the Utilities System for the payment of the Refunding Bonds, Series 1940.

The appellant having failed to show error, the decree appealed from is affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD and ADAMS, JJ., concur.

THOMAS, J., dissent.