HEWITT, Circuit Judge.
This is an appeal from a final decree of the Circuit Court for Volusia County validating an issue of $360,000 of waterworks and electric revenue certificates. Chapter 22,408, Laws of Florida, Special Acts of 1943, as amended, authorized the City to issue such certificates and the City has enacted its ordinance for that purpose under this special statutory authority.
The City previously issued waterworks and electric revenue certificates, all of which continue to be an obligation against revenue derived from the operation of the water and electric works. The issue now before the court provides that the principal and interest due upon such certificates shall be payable from and secured by a pledge of a lien upon the revenues derived by the City from the operation of the system remaining after payment of the reasonable expenses of maintaining the system and making certain payments for the benefit of the previously existing certificates. The ordinance and the certificates provide clearly that neither the certificates nor coupons shall be or constitute general obligations or indebtedness of the City of New Smyrna Beach as bonds within the meaning of Section 6, Article IX of the Constitution of Florida, F.S.A. No right will accrue to the holders of the certificates when issued to require the levy of taxes to pay the principal and interest thereon. The certificates do not pledge any aspect of the taxing power of the City of New Smyrna Beach.
The appellants, taxpayers of the City of New Smyrna Beach, were respondents in the proceedings below and urge that the elimination of Section 17 of the ordinance authorizing the certificates rendered the entire ordinance void. This section provided that the certificates shall be issued and sold to a specified fiscal agent in accordance with a purchase contract accepted by the City on March 21, 1963. At the final hearing the City agreed to an elimination of this section. A representative of the fiscal agent confirmed that the company had agreed with the City to relieve it from any obligations under the purchase contract. In the final decree the Chancellor invalidated Section 17 of the ordinance.
Where the provisions of an ordinance are separable and it may fairly be presumed that the municipal council may have enacted one part without the other, the whole ordinance will not be declared void because of the invalidity of a part.[1] The principle of invalidation of a whole ordinance has no application to an ordinance in which the improper matters can be distinguished clearly and separated from those matters properly included in the ordinance. If an ordinance contains provisions that are invalid the other portions thereof are nevertheless valid if they are not dependent upon the part that is void.[2] This court eliminated *871 a provision in a bond issue for appointing a body of trustees to take possession of and sell the bonds and found the ordinance to be otherwise forcefully operative and complete.[3] We have also approved of a bond issue in- which a provision specifying a particular fiscal agent was held invalid.[4] The severability provision of the municipal ordinance under attack declares it to be the legislative intent that in the event any of the provisions of the ordinance should be declared invalid it should in no way effect the other valid provisions. The remainder of the ordinance is valid and in no way is it dependent upon the section eliminated.
 The appellants next contend that the municipality did not have the authority to issue these revenue certificates subordinate to previous issues of revenue certificates to which the revenue from the water and electric system had been pledged. This court has held that the prior pledge of net water system revenues to the payment of outstanding bonds was valid and that the pledge of net water system revenues to the payment of water revenue certificates could be subordinated to a prior pledge of such revenues to the payment of outstanding bonds. A municipality has a right to preserve the relative rights and priorities of creditors.[5]
Finally appellants urge that there is no evidence in the record to sustain the findings of the Chancellor that the revenues were sufficient to meet the obligations of the issue. In this there is no merit. The findings of fact by the Chancellor' as set forth in the final decree as to the feasibility of the plan, sufficiency of revenues and all other matters are amply sustained by substantial evidence in the record.
The final decree of the Chancellor Validating the revenue certificates is affirmed.
TERRELL, Acting C. J., and THOMAS, ROBERTS, O’CONNELL, CALDWELL and HOBSON (retired), JTJT., concur.

. Canova v. Williams (1899) 41 Fla. 509, 27 So. 30; City of Miami ex rel. Shehan (1946) 158 Fla. 56, 27 So.2d 829; Bozeman v. City of Brookville (1955, Fla.) 82 So.2d 729; Miami v. Kayfetz (1957, Fla.) 92 So.2d 798.

. Boven v. City of St. Petersburg (1954, Fla.) 73 So.2d 232.

. City of Tampa v. Salomonson (1895) 35 Fla. 446, 17 So. 581.

. Taylor v. Williams (1940) 142 Fla. 402, 195 So. 175.

. State v. City of New Smyrna Beach (1941) 148 Fla. 482, 4 So.2d 660. See also: City of New Smyrna Beach v. State of Florida (1961, Fla.) 132 So.2d 145.